Dugro, J.
The learned judge was right in holding that the plaintiffs were not concluded by the result in the Pennsylvania suit. They were not parties, and do not appear to have had notice of it. The complaint states a cause of action for royalties due upon a contract of sale. The answer sets forth, among other defens^ that of the invalidity of the patent sold, and a consequent failure of consideration. In such a case, an inquiry as to the validity of the patent can be made in a state court, as it is merely incidental to the main question, which is, valid contract or void contract? It seems to be the settled law of this state that the invalidity of a patent is available as a defense in an action for the purchase-price on the ground of a failure of consideration, but not in an action by a licensee to recover royalties. See Marston v. Swett, 66 N. Y. 212; Rob. Pat. §§ 1230, 1239. This action is brought by a purchaser for -the purchase price. The agreement to pay royalties did not make the assignee a licensee, as the royalties to be paid were part of the purchase price. Littlefield v. Perry, 21 Wall. 205. The validity of -the contract could therefore be brought in question. As the defendant set forth that the patent was wholly incapable of use, and worthless, it was unnecessary to allege a return of, or an offer to return, the patent. The contract contains no express warranty, and none can be implied (Rob. Pat. 1232; Walk. Pat. 283); hence, if there is a failure of consideration, so far as the patent is concerned, there can be no counterclaim. It follows that the matter set forth in the seventh paragraph of the answer is sufficient in law as a defense, but not as a counterclaim. The judgment, modified accordingly, will be affirmed, with costs to neither party in either court. There can be no breach of a void contract, and so no damage from a breach.
All concur.