PAUL *v.* COLLINS.

1. PATENTS—JURISDICTION—INFRINGEMENT—CONTRACTS — TRESPASS ON THE CASE.

Where· plaintiff was the inventor of a curtain holder for automobiles, the nature of which he disclosed to the defendants, who conspired with others to procure a patent for the invention, in advance of plaintiff, who also claimed to have entered into an oral contract with defendant corporation to license the manufacture and sale of the device, for a royalty, he could not recover in an action on the case in the State court, as the vital issue was the identity of the inventor, and if plaintiff's claim was sustained the patent must be held invalid.

2. SAME—COLLATERAL SALE.

Though in cases involving collaterally the validity of a patent the State court may enter into the question, as, for example, the defense to a note that it was given for a void patent, and hence was without consideration, yet if the real issue between the litigants is the question, Who was in fact the inventor? the State courts are deprived of jurisdiction.

3. SAME—EVIDENCE.

A patent is everywhere *prima facie* evidence that the grantee was the inventor of the patented device with exclusive rights to make, sell and use it.

4. SAME—INVENTION—BASIS.

And it is essential to the validity of a patent that it be granted on the application, supported by the oath, of the original first inventor.

Error to Wayne; Mayne, J., presiding. Submitted January 5, 1916. (Docket No. 29.) Decided March 31, 1916.

Case by William A. Paul against Jeffery N. Collins and others for fraud and conspiracy. Judgment for plaintiff. Defendants bring error. Reversed.

191 Mjch.—8.

*Thomas W. Payne (Alexis C. Angell,* of counsel), for appellants.

*Arthur E. Fixel* and *Max H. Finkelston (James O. Murfin,* of counsel), for appellee.

OSTRANDER, J.   The defendant Novelty Leather Works is a Michigan corporation.  Defendants Collins and Bennett are two of the three directors of said corporation, and, respectively, president and treasurer thereof.

The case made by the declaration and by plaintiff's proofs is that, having himself invented something supposed to be patentable, and which the commissioner of patents later determined was patentable, having confidentially explained and exhibited the invention to defendant Collins, and having made an oral agreement with the defendant Novelty Leather Works, through defendant Collins, by the terms of which it was to bear the expenses of procuring a patent for the invention, to be granted to plaintiff, to handle the patentable device and patent rights and pay plaintiff 25 per cent. of the receipts on all business done on said device by the Novelty Leather Works, "in consideration of plaintiff allowing the Novelty Leather Works to manufacture and sell said device and to secure contracts for licensing the use of said device," which agreement Collins promised to have reduced to writing, but did not, the defendants conspired together, entered into a scheme, and contrived to deprive plaintiff of the fruits of his said invention and agreement, by causing a patent for said invention unlawfully to be applied for by, and to be granted to, defendant Collins as inventor, denying before and after the granting of the patent, but after the said agreement had been entered into, that plaintiff was inventor or had any interest in said invention.  Considerable sums

of money have been and will be received by defendants, or some of them, on account of sales and licenses to use said invention, and plaintiff is denied any interest therein. Seeking a remedy, plaintiff brought this action, not in assumpsit for the portion of the moneys accruing to him under the terms of his said agreement, but an action on the case; his claim for damages being broad enough to cover any and all damages growing out of the alleged wrong. He alleges the duty of defendants—

"in view of their relations with each other and in view of each of their agreements and relations with plaintiff in their dealings with said invention, to apply in plaintiff's name for a patent on plaintiff's said invention, to take up the sale of said device and license for the use of same, and to pay plaintiff 25 per cent. of the receipts on such sale of any and all licenses, and on sale of any and all of said devices."

Negativing the performance of these duties, he alleges as a result that the 25 per cent. of the business transacted has been lost to him, plaintiff has been deprived of the legal title of said invention, and will be put to great loss and expense in the assertion of his rights to said invention and the profitable transaction of business on said device, and will sustain in the future great loss and damage.

"The case at bar (I quote from the brief for the plaintiff) was a suit for conspiracy based on the damage for breach of contract. It called for a remedy to cover loss of profits. It was not in affirmance of the contract. His [plaintiff's] suit has as a basis an agreement of defendants to pay him for the use of his invention. This is a matter of cognizance under the common law."

And quoting from his reply brief:

"The measure of the damage resulting from the conspiracy must be, not the value of the patent (which matter was never submitted to the jury), but the value

of the contract given plaintiff. This was the rule of damages given by the court."

It is not alleged in the declaration, but was proved at the trial, that plaintiff was informed before a patent was granted that Collins had applied for one, and, after the patent had been granted to defendant Collins, plaintiff intervened in the patent office for the purpose of having himself declared to be the original inventor. The precise extent to which his contention was pressed does not appear, beyond this, that he took no appeal from the ruling of the commissioner of patents, and, it is inferred, made no considerable contest before the commissioner. It is also inferable that want of necessary funds was one reason for not further contesting. The determination was adverse to him. He did not appeal from or seek to review or under the Federal law to set aside the determination.

Plaintiff had judgment against all of the defendants; the damages recoverable being confined to the portion of the moneys received and likely to be received by defendants on account of the said device and invention secured to plaintiff by the terms of his alleged agreement. This judgment the defendants, appellants, ask to have set aside for the reason principally that the court was without jurisdiction to adjudicate the controversy:

"(a) Because the matter at the bottom of the controversy, viz., the validity of the Collins patent, had been decided against the plaintiff in the United States patent office.

"(b) Because the case is one essentially arising under the laws of the United States.

"(2) The charge of the court as to the validity of the Collins patent was self-contradictory.

"(3) In any event the court erred in his instructions as to damages, and allowed, on the theory adopted by the jury under the charge, excessive damages for royalties received under a void patent, and, further,

in an action for fraud, laid down a rule of damages applicable only to an action for breach of contract.

"(4) The court erred in various rulings on the admissibility of evidence which was purely hearsay.

"(5) The court omitted to give various requests to charge under the general theory adopted by him which appellants were entitled to have given.

"(6) The court gave various instructions in his general charge which were erroneous and prejudicial to the defendants and appellants."

Patent rights come from the United States, and the Federal statutes provide the method, and the only method, of obtaining a patent. Prior invention and prior rights to a patent applied for by any person are in the first instance determinable in the patent office. An appeal lies from the decision of the commissioner of patents, and, finally, the Federal courts have jurisdiction, upon a bill in equity filed for that purpose, to determine whether a patent should have been granted to one rather than another claiming to be the original inventor. And the court may by its decree cancel a patent which has been granted and order the patent to be granted to another. By the Constitution of the United States exclusive jurisdiction is given to the circuit courts of the United States of all suits at law or in equity arising under the patent or copyright laws. All questions which concern the infringement or validity of, and title to, patents granted under the patent laws must be litigated in the circuit courts of the United States.

But it is settled:

"That where a suit is brought on a contract, of which a patent is the subject-matter, either to enforce such contract or to annul it, the case arises on the contract or out of the contract, and not under the patent laws."

A considerable review of the Federal decisions supporting this proposition will be found in *Atherton Ma-*

*chine Co.* v. *Atwood-Morrison Co.,* 102 Fed. 949 (43 C. C. A. 72), and in *Pratt* v. *Gaslight & Coke Co.,* 168 U. S. 255 (18 Sup. Ct. 62), reference is made to many decisions of Federal and State courts which are to the same effect. In the case last mentioned it is said that the principle is well established that any defense which goes to the validity of a patent is available in the State courts, as that the patent is void because the invention was well known before, or because it is useless or immoral, or because it is an infringement upon other prior patents, and it is no objection to the jurisdiction of the State court that the question of validity may involve the examination of conflicting patents or the testimony of experts. The cases referred to, however, and those to which the principle applies, are cases in which the suit was to recover agreed upon royalties, or licenses, or where a subsisting contract was shown governing the rights of the parties in the use of an invention. For example, in a suit upon a note given for a patent right it may be shown that consideration wholly failed because the patent is void.

The law is well stated by Judge Sharswood in *Henry T. Slemmer's Appeal,* 58 Pa. 155, 163, 164 (98 Am. Dec. 255), as follows:

"But, though patent rights are peculiarly within the jurisdiction of the courts of the United States, yet it is undoubtedly true that, when they come in question collaterally, their validity may become a subject of inquiry in the State courts. Thus in a suit upon a promissory note, if it is set up as a defense that the consideration was the sale of a patent right, and that the patent is void, so that there was in fact no consideration, the State courts constantly exercise jurisdiction. *Bliss* v. *Negus,* 8 Mass. 46; *Cross* v. *Huntly,* 13 Wend. [N. Y.] 385; *Rich* v. *Atwater,* 16 Conn. 414; *Burr* v. *Gregory,* 2 Paine (C. C.), 429 [Fed. Cas. No. 2,191]; *Rheem* v. *Holliday,* 4 Harris [16 Pa.], 347. The jurisdiction is not defeated because the subject-matter of the action concerns the use of a patent right,

so long as the question of the validity of the patent is not necessarily involved, but arises only incidentally and by way of defense: *Sherman* v. *Transportation Co.,* 31 Vt. 162; *Tomlinson* v. *Ballet,* Law's Dig. 229. Accordingly the courts of the United States refuse to take cognizance of cases between citizens of the State where they involve, not the infringement of the patent, but controversies growing out of contracts of which it is merely the subject-matter: *Goodyear* v. *Day,* 1 Blatchf. 565 [Fed. Cas. No. 5,568]; *Burr* v. *Gregory,* 2 Paine, 436 [Fed. Cas. No. 2,191]; *Brooks* v. *Stotley,* 3 McLean, 523 [Fed. Cas. No. 1,962]. The result of the authorities, then, appears to be that the State courts are competent, either at law or in equity, to enforce a contract or a trust, of which a patent right is the subject-matter, where the validity of the patent is not directly in question, and even to pass on that when it arises *ex necessitate,* as by way of defense in an action on a contract."

See, also, *Excelsior Wooden Pipe Co.* v. *Bridge Co.,* 185 U. S. 282 (22 Sup. Ct. 681).

A patent is everywhere *prima facie* evidence that the grantee was the inventor of the patented device, with the exclusive right to make, sell, and use it. *Smith* v. *Vulcanite Co.,* 93 U. S. 486; *Lehnbeuter* v. *Holthaus,* 105 U. S. 94; *Morgan* v. *Daniels,* 153 U. S. 120 (14 Sup. Ct. 772); *Kennedy* v. *Hazelton,* 128 U. S. 667, 672 (9 Sup. Ct. 202). In *Morgan* v. *Daniels* the complainant filed his bill in equity under the provisions of section 4915 of the Revised Statutes of the United States (U. S. Comp. St. 1913, § 9460), charging that he was the original, sole, and first inventor of a patentable device, filed his application for a patent therefor, and was met by an interference application filed by defendant, to whom, after a hearing, a patent was granted. He prayed that he might be declared to be the original inventor and have a patent issued to him. It is pointed out in the opinion that the case was not one of an appeal from the decision of the commissioner of patents, but an application to set aside the action

of one of the executive departments of the government. And it was said, with respect to the burden which in such cases the complainant must carry, that upon principle and authority it must be laid down as a rule that, where the question decided in the patent office is one between contesting parties as to priority of invention, the decision there made must be accepted as controlling upon the question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction.

It is essential to the validity of a patent that it be granted on the application, supported by the oath, of the original and first inventor. *Kennedy* v. *Hazelton, supra.*

Let us now examine more particularly the case presented by the plaintiff. It is not an action brought to enforce a contract, nor one growing out of a contract. I am assuming for the purposes of this case that A. might agree to pay B. a portion or percentage of whatever he (A.) received for the use of B.'s idea, design, or device, whether it was or was not patentable, and the contract would be enforceable. Only one of the defendants is alleged to be, or to have been, a party to any contract. Two of the defendants are strangers to the alleged contract. The making of a contract is alleged and the nonperformance of it. Loss of that which performance of the contract would have brought to plaintiff is at least inferentially alleged, and is a part of the damages sought to be recovered. Defendants are not liable to plaintiff in this action for breach of contract, nor can their liability be measured by the terms of the alleged contract. It is an action for damages based upon a wrong committed by all of the defendants. What is alleged is that by their fraudulent conduct defendants have robbed plaintiff of the thing

upon which the alleged contract was based, the thing which represented the consideration for the agreement of the Novelty Leather Works. The patent, until it is held to be void, is an answer to every essential allegation upon which plaintiff's rights are made to depend. The patentee's rights are directly assailed, and plaintiff's right to maintain the suit made to depend upon a determination that the patent is void. If it is valid, the wrong has not been committed, nor the injuries sustained. It is not void, and is not claimed to be void, because of any contractual relations of the parties, but because plaintiff, and not Collins, is the original and first inventor. The vital question submitted to the jury was: Who was the first, the original, inventor, Collins or the plaintiff?

It appears therefore that, as affecting the question of jurisdiction, the allegations respecting the contract are unimportant. The material allegations are that plaintiff is original and first inventor of a patentable thing, defendants, or some of them, were in confidence informed about it, and they conspired together to secure a patent for the device to be granted to Collins, thus fraudulently securing for themselves the profits, emoluments, and benefits which of right belong to plaintiff. If the State court has jurisdiction in this case, then it has jurisdiction in any action to recover damages by one who, claiming to be original and first inventor, alleges that he has been robbed of his invention by another to whom he confided it, who has secured a patent therefor. An action for damages for such a wrong would perhaps be maintainable in the State court after the plaintiff's alleged rights as inventor had been determined by a court having jurisdiction to determine them, but in no such case could it be said that the question of patent rights was incidental merely to the right to recover the damages alleged.

In my opinion, the circuit court for the county of Wayne should have dismissed the case for want of jurisdiction, and it follows that the judgment was erroneous and should be reversed.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.