Ridgway v. Wetterhold.

No. 21,164.

T. J. RIDGWAY, *Appellee*, v. GEORGE WETTERHOLD, *Appellant*.

SYLLABUS BY THE COURT.

1. PATENTS—*Use of Patented Invention—Infringement—Jurisdiction of State Courts—Pleadings*. An action by the owner of a patent to recover upon an implied contract of defendant to pay him the reasonable value of the use, with the plaintiff's knowledge and consent, of the patent invention, is not an action for the infringement of the patent, and the state courts have jurisdiction, notwithstanding the answer pleads the invalidity of the patent as one of the defenses.

2. JURISDICTION—*Amount Involved*. The district court having jurisdiction of the cause, and the amount being for less than $100, the appeal is dismissed.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed January 12, 1918. Dismissed.

*P. D. Gardiner*, and *H. C. Castor*, both of Wichita, for the appellant.

*Robert C. Foulston*, of Wichita, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The only question in this case arises over the character of the action; if it is a suit for the infringement of a patent it involves the laws of the United States, and the appeal will lie to correct the error of the lower court in assuming jurisdiction; if it is not a suit for infringement, this court has no jurisdiction because the amount involved is less than $100. (Civ. Code, § 566.)

It is conceded that the United States courts have exclusive jurisdiction of suits for the infringement of a patent, whether at law or in equity, and without regard to the citizenship of the parties. (30 Cyc. 991, and cases cited.) The plaintiff's contention is, that the action is not for an infringement of a patent, but, on the contrary, is upon an implied contract for the payment of a royalty for the right to manufacture under the patent; that the relationship between the plaintiff and defendant is that of licensor and licensee. The plaintiff seeks to

bring himself within the principle of those cases where both parties have been estopped by their conduct from raising the question of the validity of a patent, or from disavowing that the plaintiff was a licensor and the defendant a licensee.

The petition alleged that the plaintiff and one Dickson were the "true original and first inventors of a certain new and useful apparatus, fully described in the letters patent hereinafter mentioned, as well as certain improvements thereon, therein named as bed springs and of a type and character which was not known or used in this country, and was not patented or described in any printed publication in this or any foreign country, before their invention thereof, and was not in public use or on sale more than two years prior to their said application for letters patent of the United States." It further alleged that letters patent for this invention were duly issued, and that Dickson transferred and assigned to plaintiff all his right and interest therein; that on the 6th day of July, 1913, plaintiff duly filed in the office of the clerk of the district court of Sedgwick county copies of the letters patent in order to comply with the statute. It is then alleged that for some time prior thereto the defendant used the rights and privileges of the plaintiff conferred by virtue of the letters patent, and manufactured and sold thereunder at a profit numerous bed springs, and that afterward, on the 6th day of July, 1913, defendant took and detained, "with the knowledge and consent of this plaintiff the rights and property secured to him under and by virtue of said letters patent," and between that date and the time of filing the petition manufactured and sold at a profit a large number of bed springs and impliedly agreed to pay plaintiff the fair and reasonable value of the use of the invention; that ten cents was the reasonable value of the use of the patent right for each bed spring so manufactured and sold by the defendant.

The answer denied that plaintiff and his assignor were the true and original inventors of the improvement referred to; denied that the invention was not known or used in this country prior to the issuance of the patent; denied that the alleged invention was not in public use or on sale more than two years prior to the issuance of the patent; denied generally the validity of the patent, and that plaintiff was the owner

Ridgway v. Wetterhold.

thereof. In addition to denying that defendant had ever used the rights and privileges conferred on the plaintiff by the patent, the answer denied any agreement to pay the plaintiff for such use; and further alleged that any cause of action the plaintiff had, arose under the patent laws of the United States, and that the district court had no jurisdiction.

At first blush the petition and answer appear to present a case falling close to the border line between those cases where the federal courts have exclusive jurisdiction, and cases in which the validity of a patent is only collaterally involved. In one sense an issue involving the validity of the patent was squarely raised by the pleadings, because the plaintiff alleged the validity and novelty of the patent, all of which the answer expressly denied. But were these matters material issues? None of the evidence has been brought up by the appeal; and if the plaintiff might have recovered on one theory of the pleadings, regardless of these issues, we must assume that the trial court had jurisdiction. The petition is somewhat inartistically drawn; it contains a number of averments which would have been quite pertinent and material in a suit for the infringement of a patent, but which were not necessary in an action by the owner of a patent to recover upon a contract to pay for the use by a licensee of rights under a patent. The theory upon which plaintiff claims to have recovered might have been better set forth in his petition by simply alleging the issuance of the patent; that plaintiff by written assignment became the owner of whatever rights were conferred thereby; setting out the arrangement between himself and the defendant and the facts relied upon to show that, aside from any question as to the validity of the patent or its novelty or the extent or scope of the rights conferred by it, the defendant recognized him as the owner of it, and that the relation of licensor and licensee arose between them. The other averments of the petition were sufficient to show that defendant used the rights under the patent with plaintiff's consent, and to show an implied contract to pay a reasonable value for such use.

Giving a liberal construction to the petition, we are inclined to the opinion that the averments as to the novelty and validity of the patent must be regarded merely as matters of inducement, the denial of which in the answer raised only a collateral

issue. A strong reason for giving this construction to the pleading is the absence of any definite averment indicating an intention to sue for an infringement of the patent, while specific facts are alleged from which the law would declare that plaintiff was a licensor and the defendant a licensee of the right to use the patented article, and that a contract would be implied to pay the reasonable value of such use. The authorities are clear that the state courts have jurisdiction in a case involving compensation for the alleged use of a patent invention and what is covered by it, where the validity of the patent is involved only in a collateral way. (*Deane v. Hodge,* 35 Minn. 146.)

In. *Pratt v. Paris Gas Light & Coke Company,* 168 U. S. 255, it was held that where the declaration shows that the state court has jurisdiction both of the parties and the subject matter, "it cannot be ousted of such jurisdiction by the fact that, incidentally to his defence, the defendant claims the invalidity of a certain patent." (Syl. ¶ 2.) The case of *Nash v. Lull,* 102 Mass. 60, is cited in the opinion as the leading case where it was held that "any degree of utility or practical value in a patent will support the consideration paid for it; but that if it be wholly void a note given for it is without consideration, and such issue may be tried in a state court as well as in a federal court." In the opinion in the Pratt case, *supra,* it was said:

"The patent may be void because the invention was well known before; or because it is useless or immoral; or because it is an infringement upon other prior patents, and it is no objection to the jurisdiction of the state court that the question of validity may involve the examination of conflicting patents, or the testimony of experts. It is the fact of its invalidity, and not the reasons for it, that is material." (p. 261.)

It was further said in the opinion that:

"We have repeatedly held that the federal courts have no right, irrespective of citizenship, to entertain suits for the amount of an agreed license, or royalty, or for the specific execution of a contract for the use of a patent, or of other suits where a subsisting contract is shown governing the rights of the party in the use of an invention, and that such suits not only may, but must, be brought in the state courts. *Hartell v. Tilghman,* 99 U. S. 547; *Wilson v. Sanford,* 10 How. 99; *Albright v. Teas,* 106 U. S. 613; *Goodyear v. Day,* 1 Blatchford, 565; *Blanchard v. Sprague,* 1 Cliff. 288; *Dale Tile Mfg. Co. v. Hyatt,* 125 U. S. 46; *Wade v. Lawder,* 165 U. S. 624. Although in an action for royalties,

if the validity and infringement of the patent are controverted, the case is considered as one 'touching patent rights,' for the purposes of an appeal to this court under Rev. Stat. § 699. *St. Paul Plough Works v. Starling*, 127 U. S. 376." (p. 260.)

In Walker on Patents, 5th ed., section 388, it is said:

"Actions brought to enforce contracts between private parties relevant to patent rights, are not actions arising under the patent laws of the United States; and therefore are not cognizable as such in the United States courts. And actions to set aside such contracts fall in the same category."

An action in the state court to recover patent royalties, in which no question as to the validity or construction of the patent was involved, does not present any federal question which will give the supreme court of the United States jurisdiction to review the judgment of the state court. (*Felix v. Scharnweber*, 125 U. S. 54.) To the same effect is *Marsh v. Nichols, Shepard & Co.*, 140 U. S. 344.

In support of his claim that the pleadings raised an issue that cannot be litigated in a state court, the defendant in his brief says:

"The proverbial 'Bay-horse case' is elusive, often heard of but seldom cited, but appellant offers the following as that case: *DeWitt v. Elmira Nobles Manufacturing Co.*, 66 N. Y. 459."

In the opinion in that case it was said:

"The plaintiff does not claim to recover of the defendant for the use of the patent right and the patented invention referred to in the complaint, by virtue of any contract, expressed or implied, or any agreement by the defendant to pay the plaintiff any compensation or royalty for the right to use the same. In substance the allegations of the complaint are of a use of the patented invention by the defendant without the consent of, or any license or permission by, the plaintiff." (p. 461.)

In that case it was held that a state court has no jurisdiction of an action by the owner of a patent to recover compensation for its use from one who has used it without his consent.

In the case at bar the petition alleged that defendant made use of the patent with the knowledge and consent of the plaintiff; so that the case which defendant claims is a "Bay-horse" appears to be "a horse of a different color."

The district court had jurisdiction, and the amount involved being less than $100 the appeal is dismissed.