DANIELS v. PARRADEE.

1. COURTS—PATENTS—VALIDITY OF PATENT MAY BE DETERMINED BY
STATE COURT WHERE COLLATERAL QUESTION.
   In a suit to restrain an action at law and to set aside a
   contract on the ground of fraud, where the question of
   whether or not defendant's patents were infringements on
   other patents was involved collaterally, the State court
   has jurisdiction to determine said question.[1]

2. FRAUD—CANCELLATION OF INSTRUMENTS—CONTRACTS—EVIDENCE
—SUFFICIENCY.
   Where defendant represented that his patents were basic
   and not infringements on any other patent, and thereby
   induced plaintiff to enter into a contract for their manu-
   facture and pay defendant a royalty thereon, a finding that
   defendant's patents are dominated by other patents es-
   tablished fraud.[2]

Appeal from Kent; Dunham (Major L.), J.   Sub-
mitted April 14, 1925.   (Docket No. 73.)   Decided
May 14, 1925.   Rehearing denied July 16, 1925.

Bill by William Smalley Daniels and another against
Edward Parradee to enjoin an action at law and to set
aside a contract on the ground of fraud.   From a
decree for plaintiffs, defendant appeals.   Affirmed.

*Linsey, Shivel & Smedley,* for plaintiffs.

*Lombard, McIntyre & Post* and *Richard L. Newn-
ham,* for defendant.

CLARK, J.   The parties made a contract by which
plaintiff New Era Spring & Specialty Company was
to manufacture an automobile spring bumper under
certain claimed patent rights of defendant, and to pay

[1]Courts, 15 C. J. § 634 (Anno);  [2]Cancellation of Instruments,
9 C. J. § 195.

to defendant a royalty on each bumper manufactured and sold. The bill was filed to restrain an action at law by defendant to recover an amount claimed to be due, and to set aside the contract because of fraud. The fraud claimed by plaintiff, in the evidence, disputed by defendant, is that defendant represented just before the making of the contract that his patents were "basic," "absolutely new," "nobody had anything like it," that they gave "a perfect right to manufacture the bumper without interference from others," that plaintiff company's president, Daniels, having no experience with patents, relied on the representations, that they proved not to be true, that the patents were not basic, but that other patentees or their assigns had superior rights under other patents to manufacture and sell the article in question. The plaintiff company in preparing its plant and machinery for manufacturing this bumper expended nearly $10,000. Sales were made and royalties paid from time to time until claims were made by other patent holders that the bumper was an infringement on other patents. After investigation, counsel, and negotiation, and to avoid trouble and litigation, plaintiff company recognized the dominant rights of another patentee, contracted with it to continue manufacturing, and to pay royalty to it. Plaintiff company also notified defendant that their contract relations were terminated. Plaintiffs were decreed the relief prayed. Defendant has appealed.

The trial judge found that defendant's patents were infringements on other dominant patents. The evidence preponderates in favor of this finding. It will serve no useful purpose here to detail the evidence of infringement. But it is urged that the State court has no jurisdiction of the question. The bill was filed primarily to set aside the contract for fraud. The matter of infringement is involved collaterally. The

State court has jurisdiction.    It was held in *Paul* v. *Collins*, 191 Mich. 113, quoting syllabus:

"Though in cases involving collaterally the validity of a patent the State court may enter into the question, as, for example, the defense to a note that it was given for a void patent, and hence was without consideration, yet if the real issue between the litigants is the question, Who was in fact the inventor? the State courts are deprived of jurisdiction."

Finding that defendant's patents are dominated by other patents, fraud must be held to be established. The trial judge properly required plaintiffs to pay to defendant royalty on all bumpers manufactured under the contract between them.

The decree is affirmed.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.