RATHBUN *v.* WOLVERINE METAL SPECIALTIES CO.

PATENTS—INFRINGEMENT—A DEVICE USING ONLY ONE ELEMENT OF PATENTED ARTICLE USING TWO NOT AN INFRINGEMENT.

A locking device for a radiator cap, which uses only one element to produce the same result as a patented one which uses two elements, is not an infringement thereon, since the invention is not in the elements, nor in any one or more of them, but in the combination, and if the combination is different there is no infringement although the result produced is the same.

Error to Kent; Dunham (Major L.), J.   Submitted January 14, 1927.   (Docket No. 98.)   Decided December 1, 1927.

Assumpsit by Milo D. Rathbun against the Wolverine Metal Specialties Company for royalties.   Judgment for defendant.   Plaintiff brings error.   Affirmed.

*Dilley, Souter & Dilley* and *Thomas L. Ryan,* for appellant.

*Norris, McPherson, Harrington & Waer* and *Rice & Rice,* for appellee.

BIRD, J.   Plaintiff applied, on January 12, 1923, to the United States government for a patent on a radiator cap device.   The patent was granted, and issued on October 7, 1924, and is numbered 1,510,701. After the application was made, and before the patent was issued, plaintiff entered into a written contract with defendant, in which defendant, its successors and assigns, were licensed and empowered to manufacture said device on a royalty basis during the life of the patent, if one were granted.   Defendant made an

Patents, 30 Cyc. pp. 941, 975.

advance payment of $300 on royalties, and commenced to manufacture them. After manufacturing them for a time, defendant claims it ceased to make them, and began the production of a radiator cap of its own design, which was in some respects similar. Plaintiff claims that defendant's radiator cap comes within his patent, and the defendant is owing him royalties in a large sum on the radiator caps it has manufactured of its own design, and this suit was begun to recover the amount claimed. Defendant pleaded the general issue and gave notice thereunder of payment of $300, and a sale of radiator caps to plaintiff amounting to $220, for which he had made no payment.

The differences of these parties raises the question whether defendant's device is within plaintiff's patent. After a somewhat lengthy hearing the court analyzed the situation as follows:

"The 11th claim of plaintiff's patent sufficiently describes said invention. The 11th claim is as follows: A radiator cap device comprising a body piece adapted to rest on the radiator nozzle; a fastening means threaded through the said body and to engagement with the said nozzle; and a device to close the opening through which said fastening means has been passed and which becomes locked when inserted at its position. * * *

"The meritorious question involved is whether or not defendant's devices are within plaintiff's said patent. Plaintiff's patent claims the following elements: *First*, a body piece adapted to rest on the radiator nozzle and having a cavity in its wall; *secondly*, a tightening means in the cavity operable to fasten the body piece to the nozzle; and *thirdly*, a device operable to close the said cavity and become locked when the cap is at the upright position, and which device operates to unlock when the position of the radiator cap is inverted. In other words, the said claims call for two locking elements, namely, a tightening means in the cavity, the set screw, and a device operable to close said cavity. The set screw fastens the cap to the radiator nozzle, and a stud containing

in its cavity a slug securely closes the opening containing the screw which fastens the cap to the nozzle. These elements and the manner of operation are clearly shown by the drawings constituting part of plaintiff's patent.   Plaintiff's patent is clearly a combination one, the set screw and the stud containing the loose or movable slug.   The result obtained by plaintiff's patent cannot be obtained without both of these elements.

"In defendant's device the same result is obtained by a single element, viz.:   The locking rod, which contains in its recess a slug as above described and consists of but one element.   It is true this one element produces the same result as the two elements in plaintiff's device.

"It is said in Walker on Patents (5th Ed.), p. 433, § 345, in speaking of combination claims:

" 'In such a claim if the patentee specifies any element as entering into the combination, either directly by the language of the claim or by such a reference to the descriptive part of the specifications as carries such element in the claim, he makes such element material to the combination, and the court cannot declare it to be immaterial.   It is his province to make his own claim, and privilege to restrict it.   If it be a claim to a combination and be restricted to specific elements, all must be regarded as material, leaving open only the question whether an omitted part is supplied by an equivalent device or instrumentality.'

"The same author in section 349 uses this language:

" 'Omission of one element or ingredient of a combination covered by any claim of a patent averts any charge of infringement based on that claim, whether or not the omitted ingredient was essential to the combination of the patent, and whether or not it was necessary to the operativeness of the device.   And it makes no difference that another element is aimed to do the work of itself and of the omitted element.   The combination is an entirety.   If one of its elements is omitted, the thing claimed disappears.   Every part of the combination claimed is conclusively presumed to be material to the combination, and no evidence to the contrary is admissible in any case of alleged infringement.   The patentee makes all the parts of a combination material when he claims them in combination and not separately.'

"It is said in the case of the *American Can Co.* v. *Canning Co.*, 137 Fed. 86, that:

" 'To sustain a claim of an infringement of a patented machine, three things must be found: *First*, identity of result; *second*, identity of means; *third*, identity of operation.'

"The recital of such parts in plaintiff's claims as the set screw and the stud cannot include a structure having instead thereof only one part, although that one part may serve the general purposes and accomplish the ultimate end of both of said parts recited in the claim.

"In the case of the *Concrete Appliance Co.* v. *Gomery*, 284 Fed. 518, it was contended,

" 'that if an inventor goes to the prior art and takes therefrom five elements which he puts together in a combination constituting a patentable invention, and another man goes to the possession of the same art and takes therefrom four of these same elements of which he makes a combination, thereby creating an appliance which will serve the same purpose and do all the work of the first and do it equally well, that the two applicants are in a patentable sense the same.'

"In answer to this claim the court said:

" 'They are not. The invention is not in the elements, nor in any one or more of them, but in the combination, and the combination is not the same but a different one. The inventions are likewise not the same but different inventions.'

"I think it unnecessary to cite other authorities upon which I base my conclusion that the cap or caps used by the defendant company are not covered by the claims of plaintiff's patent. It is my judgment that the caps made by the defendant with the use of the rod and slug which fastens the cap to the nozzle and at the same time closes the opening through which this rod passes, are caps in the manufacture and sale of which the plaintiff is in no way interested and not entitled to any royalties thereon under his contract with the defendant and to recover which this suit was brought.

"Under the testimony in this case it appears that the defendant has paid plaintiff for all of the caps manufactured by it for plaintiff and $220 in addition thereto, and that this indebtedness became due to the

defendant on June 6, 1923; and defendant is entitled to a judgment for the sum of $220 with interest thereon since June 6, 1923, at 5 per cent., making a total of $242.90; and judgment may be entered for defendant for that amount against plaintiff, with costs to be taxed."

If defendant is able to secure the same result with one element that the plaintiff uses two elements to produce, we think it is clear, under the authorities cited by the court, that defendant's radiator cap is not within plaintiff's patent, nor do we think this question is satisfactorily answered by the record and plaintiff's brief.   It does not seem altogether just if A. invents a device on which he claims four elements, and B. afterwards takes two of the elements and produces the same result, that B. should be immune from attack on the ground that his invention is dissimilar.   But possibly if this were not so, the state of the art on the invented article would be at a standstill unless improved by the original inventor, and would be less liable to move on toward a machine of greater efficiency.

Under the showing made, we think the conclusion of the trial court was right and should be affirmed, with costs to defendant.

SHARPE, C. J., and FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.