HAMILTON MANFG. CO. *v.* POLL.

1. INJUNCTION—PATENTS—DECREE SHOULD BE DEFINITE.
   Decree enjoining infringement of patent should be definite and certain in its terms, so that defendants may know what they are restrained from doing.

2. PATENTS—INJUNCTION—DECREE IN GENERAL TERMS TOO INDEFINITE.
   Decree enjoining in general terms infringement by defendants of plaintiff's claims of patent is reversed, on appeal, where contest was narrowed on hearing to alleged infringement of automatic steering device on planting machine manufactured by plaintiff, on which it has patent.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 9, 1931. (Docket No. 66, Calendar No. 35,214.) Decided February 27, 1931.

Bill by the Hamilton Manufacturing Company, a Michigan corporation, against Louis Poll and others, doing business under the assumed name of the Holland Celery Planter Company, to enjoin the infringement of a patent. Decree for plaintiff. Defendants appeal. Reversed, and remanded to take further proof, and for proper decree.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

*Diekema, Kollen & Ten Cate,* for defendants.

CLARK, J. The bill was filed to enjoin infringement of patent and for other relief. Plaintiff had decree. Defendants have appealed.

The contest was narrowed at the hearing to alleged infringement of claims to an automatic steering device on a planting machine manufactured and sold by plaintiff on which plaintiff has patent No. 1,723,-073. It is thus claimed:

"A frame having a swivel yoke and a caster wheel in said yoke, a guide wheel pivotally connected to said yoke and positioned ahead of said caster wheel and adapted to travel in a guide furrow."

Defendants also make and sell planting machines on which is an automatic steering device employing most of the elements combined in plaintiff's device, except the guide wheel, which is omitted, and, instead, a bent rod is used. The rod is attached to the hubs of the caster wheel instead of to the yoke as in plaintiff's device.

The question is whether defendants by their steering device have infringed plaintiff's claims of patent on its steering device. The decree enjoins in most general terms infringement by defendants of plaintiff's claims of patent; but the real question above stated is not determined. Plaintiff has not appealed. We think the matter of such importance to the parties that it should be determined. On the record and briefs before us we should decline to attempt to determine it.

Decree should be definite and certain in its terms that defendants may know what they are restrained from doing. 32 C. J. p. 368; *Ballentine* v. *Webb,* 84 Mich. 38 (13 L. R. A. 321). And see Walker on Patents (6th Ed.), § 697.

On the question of infringement, attention is called to Walker on Patents (6th Ed.), chap. 18; *Rathbun* v. *Wolverine Metal Specialties Co.,* 240 Mich. 603; *Case* v. *Brown,* 2 Wall. (U. S.) 320.

The decree in general terms requires defendants, pursuant to an assignment, to turn over to plaintiff any and all improvements to plaintiff's device. It does not specify any such improvement. The record is that defendants have no improvement.

There is some evidence, perhaps, that defendants in 'some instances have used plaintiff's steering device on their machines. If so, concededly, this should be enjoined.

Counsel raise no question of jurisdiction of the State court to determine infringement, but attention is called to *Paul* v. *Collins*, 191 Mich. 113.

The decree is set aside and the cause remanded, with leave to take further proof, and for proper decree. Costs to abide result.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.