### L. A. YOUNG SPRING & WIRE CORP. *v.* FALLS.

1. COURTS—JURISDICTION—TRUSTS EX MALEFICIO.
    A State court has jurisdiction to declare a trust *ex maleficio.*

2. SAME—EXCLUSIVE FEDERAL JURISDICTION—PATENT CASES—INCIDENTAL QUESTIONS.
    Provision of Federal statute vesting Federal courts with exclusive jurisdiction of all cases arising under the patent-right or copyright laws of the United States does not deny a State court jurisdiction if the case is fundamentally one over which the State court has jurisdiction but where, incidental thereto, a question arises under the patent laws (U. S. Const. art. 1, § 8; 36 Stat. at L. 1160, 1161).

3. SAME—JURISDICTION OF STATE COURTS AS TO PATENT CASES AND INCIDENTAL QUESTIONS.
    Under Federal statutes vesting Federal courts with exclusive jurisdiction of all cases arising under the patent-right or copyright laws of the United States, there is a clear distinction between a case and a question arising under the patent laws, the former arising when the plaintiff in his opening pleading sets up a right under the patent laws as ground for a recovery and such being without the jurisdiction of a State court, while a question arising under the patent laws may appear incidentally in the plea, answer or testimony and such matter may be determined by a State court (U. S. Const. art. 1, § 8; 36 Stat. at L. 1160, 1161).

4. SAME—JURISDICTION—FEDERAL COURT.
    The party who brings a suit determines upon what law he will rely and where relief based upon an act of congress is sought in a Federal court, jurisdiction of such court cannot be defeated by a plea denying the merits of the claim.

5. EQUITY—ALLEGATIONS TAKEN AS TRUE ON MOTION TO DISMISS.
    On a motion to dismiss, the allegations contained in the bill of complaint must be taken as true.

6. COURTS—STATE JURISDICTION—INCIDENTAL QUESTION AS TO PATENTS IN SUIT FOR BREACH OF FIDUCIARY RELATION.
    That State court would have to determine the priority of inventiveness as a necessary step to granting relief would not

divest such court of jurisdiction of suit by corporation against certain of its officers and trusted employees and others in which bill alleged individual defendants fraudulently conspired to deprive plaintiff of patents and trade secrets designed or developed and discovered by the trusted employees, which in breach of their fiduciary relation to plaintiff they used for their own personal advantage (U. S. Const. art. 1, § 8; 36 Stat. at L. 1160, 1161).

7. SAME—JURISDICTION—ASSIGNMENT OF PATENTS.

A State court has jurisdiction to decree that a patent be assigned.

8. SAME—JUDGMENT IN REM—BASIC FACTS.

A judgment *in rem* binds all the world, but the facts on which it necessarily proceeds are not established against all the world and, conversely, establishing the facts is not equivalent to a judgment *in rem*.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 18, 1940. (Docket No. 76, Calendar No. 41,033.) Decided June 3, 1940. Rehearing denied September 6, 1940.

Bill by L. A. Young Spring & Wire Corporation against William A. Falls, General Motors Corporation, and others for an injunction restraining payment of money by General Motors Corporation to Elizabeth Burch, for an injunction restraining the transfer of patents, to compel assignment of patents, to cancel a contract and to have the individual defendants declared trustees *ex maleficio*. Cross bill by General Motors Corporation against plaintiff and the other defendants for an accounting, to have patents declared to be the property of plaintiff, and that cross-plaintiff have right to use patents free of charge, and to cancel an agreement. Bill and cross bill dismissed. Plaintiff and General Motors Corporation appeal. Reversed.

*Cook, Smith, Jacobs & Beake* (*O. L. Smith* and *G. D. Hatie,* of counsel), for plaintiff.

*Carlos J. Jolly* and *Bruce G. Booth* (*Jacob A. Tolonen*, of counsel), for defendant General Motors Corporation.

*Frank C. Cook, John P. O'Hara, Jay F. McMullen, Nelson S. Shapero*, and *Austin G. Van Hove* (*John Conway Cook*, of counsel), for defendants Falls and others.

POTTER, J. Plaintiff, a Michigan corporation, engaged in the manufacture of spring and wire products, brings this bill in equity to have defendants declared trustees *ex maleficio* of approximately $269,000 and of certain patents covering improved methods of making seat and back springs for automobile cushions. Plaintiff's bill of complaint sets forth:

One Stackhouse was an inventor and employee of plaintiff. During the summer and fall of 1928 he designed and constructed a device for the improvement of springs in automobile cushions and mattresses. This improvement and invention was known to defendants William A. Falls, Desire H. Van Hove, Thomas Mahoney, and Newton E. Shockey who were all executive officers and employees occupying positions of the highest trust and confidence in plaintiff corporation. Defendants did not report or disclose the Stackhouse improvement to plaintiff but, in breach of their trust relation to plaintiff, conspired, confederated and combined together with defendant Albert A. Ruppert, body trim engineer for the Fisher body division of General Motors Corporation, and Fred Burch, brother-in-law of defendant Desire H. Van Hove, under which patent applications covering the Stackhouse improvement were taken out in the name of Fred Burch. The individual defendants then entered into an op-

tion agreement with General Motors Corporation
under which General Motors Corporation paid de-
fendant Burch $2,500 for the exclusive license to
manufacture, sublicense and sell all articles made
under the Burch patent application. While the ap-
plications were pending in the United States patent
office, an application was made by a firm of patent at-
torneys covering the Stackhouse improvement, on
the application of Stackhouse. Following negotia-
tions between defendants and the attorneys for
Stackhouse, all claims in the Stackhouse application
which interfered with the Burch application were
cancelled and the Burch application was permitted to
proceed to final action and allowance. A patent was
issued thereon as patent No. 1,793,421, February 17,
1931. A second patent, No. 1,924,022, was issued
August 22, 1933. Letters patent under the Dominion
of Canada were taken out to correspond to the United
States patents, the same being Canadian letters
patent No. 316,222, issued October 20, 1931, and
Canadian letters patent No. 336,215. Defendants
proceeded, in accordance with the option agreement,
to give General Motors Corporation exclusive
license to manufacture, sublicense and sell all ar-
ticles made under the Burch patents. Under this
license agreement and the original option agree-
ment, General Motors Corporation paid to Burch
during his lifetime, and thereafter to Lizzie Burch,
as successor trustee, $181,093.07 in royalties. This
sum was divided between the individual defendants
in accordance with a trust agreement under which
Burch, as trustee, paid certain sums to the partici-
pating co-conspirators and co-defendants. General
Motors Corporation granted several sublicenses.
One of these was to plaintiff corporation, for which
plaintiff corporation paid General Motors Corpora-
tion approximately $54,000. License agreements

with other corporations paid General Motors Corporation an additional $34,000.

Plaintiff alleges the sum of $54,000, in law, equity, and good conscience, belonged to plaintiff corporation and would not have been paid to General Motors Corporation except for the deceit and wilful breach of trust by the individual conspirators and defendants. Plaintiff prayed (1) that defendant General Motors Corporation be temporarily enjoined from paying any further sums to Elizabeth Burch, *alias* Lizzie Burch, individually and as trustee for the individual defendants; (2) that defendant General Motors Corporation and the individual defendants be temporarily enjoined from transferring or assigning any of the United States or Canadian letters patent; (3) that the individual defendants be compelled to deliver up the United States and Canadian letters patent; (4) that the contract between Fred Burch, now deceased, and defendant General Motors Corporation be found in fraud of the rights of plaintiff corporation and that the same be surrendered and cancelled; (5) that the individual defendants and co-conspirators be decreed to be trustees *ex maleficio* for plaintiff corporation of the United States and Canadian letters patent and of all moneys, royalties, and other profits collected by them from defendant General Motors Corporation under license agreements or from the exploitation of said patents; (6) that the sublicenses existing between plaintiff and General Motors Corporation be cancelled and set aside, and that defendant General Motors Corporation be required to account for and pay over to the plaintiff corporation all royalties paid to General Motors Corporation by plaintiff under said license agreements; (7) that defendant General Motors Corporation, and the individual defendants, account and pay over

to plaintiff all moneys, royalties, and other profits collected or received by them from the use and exploitation of the United States and Canadian patents.

Defendant General Motors Corporation filed a cross bill alleging that under an agreement between plaintiff corporation and General Motors Corporation the latter was entitled to use, free of charge, all inventions and patents belonging to plaintiff; that General Motors Corporation believed the inventions embraced in the United States and Canadian letters patent were in truth the property of plaintiff and, therefore, available to General Motors Corporation without cost; that, by virtue of the fraudulent misrepresentations and conspiracy of the individual defendants, General Motors Corporation was fraudulently induced to pay said individual defendants approximately $181,000; and that, of the sums so paid out, upwards of $54,000 was received by General Motors Corporation from plaintiff under the terms of a sublicense agreement. The prayer of General Motors Corporation for relief was (1) that the individual defendants be ordered to account to General Motors Corporation for all moneys received by them by reason of said unlawful conspiracy and fraudulent representations, and that all and each of them be decreed to be jointly and severally liable for the total amount of moneys found to be due General Motors Corporation on such accounting; (2) that an accounting be had between plaintiff and cross-plaintiff, General Motors Corporation, to determine what part or portion of the moneys paid by the cross-plaintiff belongs to each; (3) that the United States and Canadian letters patent be decreed to be the property of the plaintiff, and that the individual defendants be ordered to execute assignments conveying the right, title and interest in

said letters patent to plaintiff, and that cross-plaintiff be decreed to have had, and to have hereafter, the right to use, free of charge, said patents without the payment of royalties; (4) that the royalty agreement between cross-plaintiff and Fred Burch be cancelled and held null and void.

The individual defendants answered denying that Desire H. Van Hove prepared in the name of Fred Burch any patent applications for spring construction theretofore conceived by George Stackhouse. Defendants answered that Fred Burch was of an inventive mind and that the applications for patents made by him were the results of his own discoveries and experiments, and that the patents issued as a result were patents to which he was lawfully entitled. Defendants moved to dismiss plaintiff's bill of complaint and the cross bill of General Motors Corporation for the reasons that (a) before relief could be granted under either plaintiff's bill or the cross bill of General Motors Corporation, the court would be required to determine who was the inventor of certain cushion spring structures,— George Stackhouse, through whom plaintiff claimed, or Fred Burch, through whom defendants claimed, —and this was a question which, by law, could be determined only by the United States patent office or the Federal courts; (b) if the alleged facts stated in the bill of complaint were true, the patents were taken out by one not the inventor, the patent was, therefore, void and of no effect, and the court would not enforce a void trust; (c) there was a misjoinder of parties in that plaintiff had alleged no cause of action against General Motors Corporation, and because General Motors Corporation had no interest in the subject matter of the suit.

The trial court granted the motions to dismiss of the individual defendants, stating the bill of com-

plaint "essentially rests upon the wrongful issuance of a patent," that the Federal courts had jurisdiction where patents had been wrongfully issued to one not the inventor, and that nothing had been called to his attention which conferred authority upon the State courts to grant such relief. For the same reason, the cross bill of defendant General Motors Corporation was dismissed. The trial court also observed that the cross bill must be dismissed because the General Motors Corporation could not in any way question the title of its licensor except in a direct proceeding to secure the cancellation of the license agreement.

The decisive question is, whether the undoubted jurisdiction of the State court to declare a trust *ex maleficio* is divested because it is necessary to decide a question of fact affecting the validity of letters patent.

The Constitution of the United States, art. 1, § 8, provides the congress shall have power:

"To promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."

The judicial code, approved March 3, 1911, states:

"The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States: * * *

"Fifth. Of all *cases* arising under the patent-right, or copyright laws of the United States." 36 Stat. at L. 1160, 1161 (28 USCA, § 371).

This section of the judicial code has not been construed to deny a State court jurisdiction where the case is fundamentally one over which the State

court has jurisdiction but where, incidental thereto, a question arises under the patent laws.

"There is a clear distinction between a case and a question arising under the patent laws." *Pratt* v. *Paris Gas Light & Coke Co.*, 168 U. S. 255, 259 (18 Sup. Ct. 62).

See, also, *Henry T. Slemmer's Appeal*, 58 Pa. 155 (98 Am. Dec. 248); *Cheatham Electric Switching Device Co.* v. *Kentucky Switch & Signal Co.*, 213 Ky. 23 (280 S. W. 469); *Respro, Inc.*, v. *Worcester Backing Co.*, 291 Mass. 467 (197 N. E. 198).

On numerous occasions the State court has taken jurisdiction where a question of patents was involved. 1 Walker on Patents (6th Ed.), §§ 326, 438. Thus, the State court has jurisdiction in an action for deceit in the sale of patent rights (*David* v. *Park*, 103 Mass. 501); of a counterclaim for slander by assertion of infringement (*Hanson* v. *Hall Manfg. Co.*, 194 Iowa, 1213 [190 N. W. 967]); for recovery of royalties where defendant pleaded the invalidity of the patent (*Ridgway* v. *Wetterhold*, 102 Kan. 217 [169 Pac. 1159]; *Herzog* v. *Heyman*, 8 Misc. 27 [28 N. Y. Supp. 74]; *Brandt* v. *Ad-Tape Co.*, 7 N. Y. Supp. [2d] 135); of a suit upon a note where the defense was that the patent was void and there was no consideration (*Nash* v. *Lull*, 102 Mass. 60 [3 Am. Rep. 435]; *Bierce* v. *Stocking*, 11 Gray [77 Mass.], 174). In an action at law for damage resulting from competition which plaintiff alleged was unfair for the reason defendants were not the true inventors (*Zenie* v. *Miskend*, 270 N. Y. 636 [1 N. E. (2d) 367]), jurisdiction of the State court was upheld even though there was then a suit pending in the lower Federal court for a declaratory judgment as to who was the true inventor of defendant's patent. See 50 Harvard Law Review,

p. 364 (1936–1937). Jurisdiction of the State court
has been upheld where the right originally asserted
is founded on a contract or on one of the general
bases of tort liability. *La Chapelle* v. *United Shoe
Machinery Corp.,* 272 Mass. 465 (172 N. E. 586);
*Wade* v. *Lawder,* 165 U. S. 624 (17 Sup. Ct. 425).
The test of jurisdiction seems to be the nature of
the right asserted in plaintiff's pleadings.

"There is a clear distinction between a case and
a question arising under the patent laws. The
former arises when the plaintiff in his opening
pleading—be it a bill, complaint or declaration—
sets up a right under the patent laws as ground for
a recovery. Of such the State courts have no juris-
diction. The latter may appear in the plea or
answer or in the testimony. The determination of
such question is not beyond the competency of the
State tribunals." *Pratt* v. *Paris Gas Light & Coke
Co., supra,* 259.

"Of course the party who brings a suit is master
to decide what law he will rely upon and therefore
does determine whether he will bring a 'suit arising
under' the patent or other law of the United States
by his declaration or bill. That question cannot
depend upon the answer, and accordingly jurisdic-
tion cannot be conferred by the defense even when
anticipated and replied to in the bill. *Devine* v. *Los
Angeles,* 202 U. S. 313, 334 (26 Sup. Ct. 652). Con-
versely, when the plaintiff bases his cause of action
upon an act of congress jurisdiction cannot be de-
feated by a plea denying the merits of the claim."
*The Fair* v. *Kohler Die & Specialty Co.,* 228 U. S.
22 (33 Sup. Ct. 410).

See, also, note, "The Jurisdiction of State Courts
Over Cases Involving Patents," 31 Columbia Law
Review, pp. 461–465 (1931).

On a motion to dismiss, the allegations contained
in the bill of complaint must be taken as true. *Wat-*

*son* v. *Wagner*, 202 Mich. 397. Plaintiff's bill of complaint only incidentally asserts a right under the patent law. Primarily, plaintiff alleges that defendants, in breach of their confidential relation as trusted officers and employees of plaintiff, failed to discharge the "trust relationships so owed to plaintiff corporation," and "fraudulently, maliciously and intentionally conspired, confederated, combined and contrived among themselves and divers other persons, * * * to deprive plaintiff corporation from obtaining the designs, constructions, inventions, patent applications and patents and trade secrets conceived, produced, constructed, designed and/or developed and discovered by them and said trusted employees." The essence of plaintiff's bill of complaint is that, through their confidential relationship to plaintiff corporation, certain of the individual defendants secured information which, in breach of their fiduciary relationship, they used for their own personal advantage and in violation of the trust. When the right asserted in the bill of complaint is founded upon a confidential relationship involving the highest trust and confidence, the undoubted jurisdiction of the State courts is not divested because, as a necessary step to granting relief, the State court must determine priority of inventiveness. *Irving Iron Works* v. *Kerlow Steel Flooring Co.*, 96 N. J. Eq. 702 (126 Atl. 291); *Becher* v. *Contoure Laboratories, Inc.*, 279 U. S. 388 (49 Sup. Ct. 356); *La Chapelle* v. *United Shoe Machinery Corp., supra; Nahikian* v. *Mattingly*, 265 Mich. 128; 38 Yale Law Journal, p. 683 (1928–1929).

In *Irving Iron Works* v. *Kerlow Steel Flooring Co., supra*, plaintiff alleged that certain of defendant's employees, by the use of confidential information gained by them while in plaintiff's employ, had unlawfully appropriated the design for making a

certain type grating. Defendant had patented the invention before the filing of the bill of complaint and claimed the State court had no jurisdiction. It was said:

"It is argued, however, that the defendants, before bill filed, had applied for a patent on this design, and that pending the litigation this patent had been granted; and that these facts turn the controversy into a patent litigation, cognizable only in the Federal courts. No such issue appears to have been raised on the pleadings, and we agree with the vice-chancellor in holding it irrelevant to the theory of the bill. That theory we understand to be, in substance, that the defendants, through *their confidential relations with complainant,* secured a design, its private property withheld presently from the public, *and have undertaken to patent it as their own; that in so doing they are trustees ex maleficio,* and, as such, accountable for illicit profits, and to be restrained by injunction from further use of complainant's property. No patent rights as such are here involved. *What is involved is a trust arising by operation of law.*"

The most recent pronouncement of the supreme court of the United States upon this subject is *Becher* v. *Contoure Laboratories, Inc., supra.* In the State court, Contoure Laboratories, Inc., as assignee of one Oppenheimer, alleged that Oppenheimer was the inventor of a massaging device; that he employed Becher to make mechanical parts; that Becher promised and contracted with Oppenheimer to keep secret and confidential all information and not to use the same for the benefit of any other than Oppenheimer; that, in violation of this trust and position of highest confidence, Becher secured a patent in his own name. Plaintiff prayed that Becher be declared a trustee

*ex maleficio* of said invention; that he be restrained
from using or disposing of such instruments; that
he be enjoined from granting any rights under such
letters patent; that he deliver up to plaintiff all
rights under such patents; that it recover damages.
Becher denied all the allegations, the State court
upheld its jurisdiction, and a trial was had before a
referee who made findings of fact supporting all of
plaintiff's allegations. Becher then filed suit in the
Federal district court to enjoin the jurisdiction of
the State court. Mr. Justice Swan, with whom Mr.
Justice Learned Hand concurred, held the State
court had jurisdiction. Mr. Justice Manton dis-
sented. *Becher* v. *Contoure Laboratories, Inc.*
(C. C. A.), 29 Fed. (2d) 31. On appeal to the United
States supreme court, appellant argued that the com-
plaint showed upon its face that Oppenheimer, and
not Becher, was the inventor of the subject matter
of the Becher patent; that this was denied by Becher;
that thereby the question was raised as to who was
the first inventor; that this was an issue which must
be decided before any other issue could be decided;
that the case was governed by the case of *Henry T.
Slemmer's Appeal, supra.* Mr. Justice Holmes,
writing for the court, affirmed the holding of the cir-
cuit court of appeals, saying:

"It is not denied that the jurisdiction of the courts
of the United States is exclusive in the case of suits
arising under the patent laws, but it was held below
that the suit in the State court did not arise
under those laws. It is plain that that suit had for
its cause of action the breach of a contract or wrong-
ful disregard of confidential relations, both matters
independent of the patent law, and that the subject
matter of Oppenheimer's claim was an undisclosed
invention which did not need a patent to protect it
from disclosure by breach of trust. *Irving Iron*

*Works* v. *Kerlow Steel Flooring Co.*, 96 N. J. Eq. 702 (126 Atl. 291). *DuPont de Nemours Powder Co.* v. *Masland*, 244 U. S. 100 (37 Sup. Ct. 575). Oppenheimer's right was independent of and prior to any arising out of the patent law, and it seems a strange suggestion that the assertion of that right can be removed from the cognizance of the tribunals established to protect it by its opponent going into the patent office for a later title."

There, as here, the cause of action was based upon the breach of a confidential relationship; and there, as here, there would be no breach and thus no recovery if the patentee was the true inventor. This case was recognized in this State in *Nahikian* v. *Mattingly, supra,* a bill by minority stockholders to compel defendant, manager of the company, to assign to the corporation patents taken out in defendant's own name. Evidence showed the inventions were developed by employees of the company. It was said:

"The point that the State court is without jurisdiction to decree that the patents be assigned is without merit. *Becher* v. *Contoure Laboratories, Inc.*, 279 U. S. 388 (49 Sup. Ct. 356)."

In *La Chapelle* v. *United Shoe Machinery Corp., supra,* 472, plaintiff, an employee of defendant, disclosed and assigned certain inventions to defendant. Defendant promised plaintiff fair remuneration for all patents profitably used. Defendant then had patents upon plaintiff's discovery issued in the name of a third person who assigned the patents to defendant. It was said:

"The defendant lays hold of incidental expressions in certain opinions to the effect that if a plaintiff by his opening pleading makes it appear that some right or privilege under the patent laws will be defeated by one construction, or sustained by the opposite construction of those laws, or raises any ques-

tion as to the validity of a patent, the case arises under the patent laws. * * * Whatever weight is to be attached to such expressions, they are not relevant to the grounds of the present decision. As applied to the cases at bar, they do not shake the binding force of the *Becher Case.** There the suit in the State court had immediate reference to particular letters patent and attacked the originality of the invention which appeared to be asserted and established on the very face of the letters patent.''

See, also, *George C. Miller & Co., Inc.,* v. *Beagen,* 293 Mass. 54 (199 N. E. 344).

The individual defendants claim that when the bill of complaint directly assails the patentee's rights and when the right to recovery depends upon a determination that the patent is void, a State court does not have jurisdiction. *Kennedy* v. *Hazelton,* 128 U. S. 667 (9 Sup. Ct. 202); *Paul* v. *Collins,* 191 Mich. 113; *Henry T. Slemmer's Appeal, supra; Forster* v. *Brown Hoisting Machinery Co.,* 266 Ill. 287 (107 N. E. 588, Ann. Cas. 1916B, 795); *Cheatham Electric Switching Device Co.* v. *Kentucky Switch & Signal Co., supra.* See, also, *Grob* v. *Continental Machine Specialties, Inc.,* 204 Minn. 459 (283 N. W. 774). Whatever force and effect those cases had at the time of their decision, they were in effect overruled by *Becher* v. *Contoure Laboratories, Inc., supra. Henry T. Slemmer's Appeal, supra,* relied upon and followed in *Paul* v. *Collins, supra,* was cited by appellant in *Becher* v. *Contoure Laboratories, Inc., supra.* Mr. Justice Holmes, relative to this point, said:

''It is said that to establish Oppenheimer's claim is to invalidate Becher's patent. But, even if mistakenly, the attempt was not to invalidate that

---

\* *Becher* v. *Contoure Laboratories, Inc.,* 279 U. S. 388 (49 Sup. Ct. 356).—REPORTER.

patent but to get an assignment of it, and an assignment was decreed. Suits against one who has received a patent of land to make him a trustee for the plaintiff on the ground of some paramount equity are well known. Again, even if the logical conclusion from the establishing of Oppenheimer's claim is that Becher's patent is void, that is not the effect of the judgment. Establishing a fact and giving a specific effect to it by judgment are quite distinct. A judgment *in rem* binds all the world, but the facts on which it necessarily proceeds are not established against all the world, *Manson* v. *Williams,* 213 U. S. 453, 455 (29 Sup. Ct. 519), and conversely establishing the facts is not equivalent to a judgment *in rem.* * * *

"A fact is not prevented from being proved in any case in which it is material, by the suggestion that if it is true an important patent is void—and, although there is language here and there that seems to suggest it, we can see no ground for giving less effect to proof of such a fact than to any other."

*Kennedy* v. *Hazelton, supra,* did not present a question of State jurisdiction, and *Forster* v. *Brown Hoisting Machinery Co., supra,* was decided upon other grounds. See, also, *La Chapelle* v. *United Shoe Machinery Corp., supra.*

The motion of the individual defendants to dismiss both plaintiff's bill of complaint and defendant General Motors Corporation's cross bill upon the ground the case was one within the exclusive jurisdiction of the Federal courts should have been denied.

The order granting the motion of the individual defendants to dismiss is reversed, with costs, and the cause remanded to the trial court for further proceedings.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred. BUTZEL, J., did not sit.