## S. Josephine Carleton

*vs.*

## Augustus D. Bird, and others.

### Knox.    Opinion May 22, 1900.

*Patents.    Contracts.    Jurisdiction.    Covenant.    Pleading.    R. S. of U. S.*, § 711.

Where a suit is brought to enforce a contract of which a patent is the subject matter, the case arises on the contract and not under the patent-right laws of the United States.

Whenever a contract is made in relation to patent-rights, which is not provided for and regulated by an act of Congress, the parties, if any dispute arises, stand upon the same ground as other litigants in respect to the jurisdiction of the court.

In an action of debt brought upon the covenant of the defendants to pay a stipulated license fee for the use of an improved lime kiln and a new method for calcining stone in the manufacture of lime, covered by letters-patent issued to the plaintiff's grantor, the defendant claimed that during the period sued for they had not used the apparatus or method covered by the letters-patent; that during such period the apparatus and method used by them in their lime kilns were not covered by the plaintiff's letters-patent, and that the plaintiff had no patent on the apparatus or method used by the defendants. The plaintiff contended that the apparatus and method used by the defendants in the manufacture of lime during this period, if not precisely the same as those covered by the letters-patent, were practically and essentially the same, that they were in every sense identical, and were infringements of the plaintiff's patents.

*Held;* That this court is not deprived of its jurisdiction by reason of these contentions; that this is not a case arising under the patent-right laws of the United States, but is an action upon a contract, between citizens of the same state, of which the state courts have the exclusive jurisdiction. That it is not sufficient to oust the state court of its jurisdiction of a cause that a *question* incidentally arises under the patent laws; the United States statute gives the Federal court jurisdiction only of *cases* arising under such laws.

To constitute such a case the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws.

An action upon a covenant contained in a contract under seal must be brought in the name of the covenantee. No one who is not named as a party in such a contract can sue upon its covenants.

*Held;* that this action brought by the grantee of two letters-patent, in her own name, upon the defendants' covenant to pay a license fee for the use of the apparatus and method covered by the letters-patent, which covenant is contained in a contract under seal between her grantor and the defendants, can not be maintained.

*Elmer* v. *Pennel,* 40 Maine, 430, overruled.

ON REPORT.

Action of debt to recover a license fee on lime manufactured by the defendants, by means of the apparatus and methods of the plaintiff for burning lime, as set out in two patents granted to one Granville E. Carleton for calcining stone in the manufacture of lime and cement, and by him set over and assigned to his wife, the plaintiff.

The case appears in the opinion.

*Jos. E. Moore,* for plaintiff.

Parties: The transfer of "right, title and interest" is an assignment "in the nature of a quitclaim deed, of whatever right title or interest the plaintiff has in the patent specified". *Gilmore* v. *Aiken,* 118 Mass. 94–7.

"Whether the form of conveyance is that of an assignment or a license, if it transfers all rights under the patent, it is an assignment and the transferee may sue in his own name." *Siebert Cylinder Oil-Cup Co.* v. *Beggs,* 32 Fed. Rep. 790.

After transferring all "right, title and interest" the assignment goes further and says, "the same to be held and enjoyed by the said S. Josephine Carleton, for her own use and behoof and for the use and behoof of her legal representatives, to the full end of the term for which said letters-patent were granted, as fully and entirely as the same would have been held and enjoyed by me had this assignment not been made."

This would certainly, in terms, convey all future interests and rights, whether royalties, license-fees or infringements; otherwise the assignee would not hold and enjoy it the same time the assignor could, had no assignment been made. *Railroad Co.* v. *Trimble,* 10 Wall. (U. S.) 367.

" Every assignee of whatever degree of removal from the original patentee occupies the same position and enjoys the same rights as any of his predecessors or co-owners, and is entitled to all the privileges and is subject to all the obligations conferred or imposed by the statutes upon the patentee and his assigns ".   2 Robinson on Patents, § 767.

Where the owner of land, which he has leased for years, grants the reversion by absolute deed of mortgage, the grantee is entitled to all rents that subsequently become due, and may maintain an action against the lessee to recover them. · *Burden* v. *Thayer*, 3 Met. 76.

As the rent is an incident of the reversion, if the lessor assigns or otherwise conveys his reversion, he cannot have any claim for rent subsequently accruing; but the right to the rent is transferred to his assignee.   *Grundin* v. *Carter*, 99 Mass. 15, 16 ; *Harmon* v. *Flanagan*, 123 Mass. 288, 289.

In a general grant of the reversion, the rent will pass as an incident to it.   *Beal* v. *Boston Car Spring Co.*, 125 Mass. 157–160.

If the obligations of the assignee to sustain the burdens put upon the patent by the assignor follows as an incident of the assignment, as in case of real estate where the grantee of the reversion takes it subject to the leases put upon it by the grantor, then the rest of the proposition must be true as to the patent.   And the assignee, while bearing the burden, is also entitled to receive the benefits, and makes the analogy of the rights of the grantor and grantee under a patent and as to real estate perfect; and the rule governing real estate would also govern patents.

Jurisdiction :   *Pratt* v. *Paris Gas Light Co.*, 168 U. S. 255, p. 279 ; *Hartell* v. *Tilghman*, 99 U. S. 547 ; *Albright* v. *Teas*, 106 U. S. 613 ; *David* v. *Park*, 103 Mass. 501, 503 ; *Holt* v. *Silver*, 169 Mass. 435 ; *Binney* v. *Annan*, 107 Mass. 94; 2 Robinson on Patents, §§ 856, 858, 865 ; *Metserole* v. *Union Paper Collar Co.*, 6 Blatchf. 356, (17 Fed. Cas. 9488).

Wherever a contract is made in relation to patent rights which is not provided for and regulated by an act of Congress, the parties, if any dispute arises, stand upon the same ground as other litigants

in respect to the jurisdiction of the court. *Blanchard* v. *Sprague,* 1 Cliff. 289, 299; *Wilson* v. *Sandford,* 10 How. 100; *Hill* v. *Whitcomb,* 1 Holmes, 317, 324; *Middlebrook* v. *Broadbent,* 47 N. Y. (Ap.) 443; *Union Mfg. Co.* v. *Louisburg,* 41 N. Y. (Ap.) 363; *Johnson* v. *Willimantic Linen Co.,* 33 Conn. 436; *Rich* v. *Atwater,* 16 Conn. 409; *Elmer* v. *Pennel,* 40 Maine, 430; *Jones* v. *Burnham,* 67 Maine, 93.

Infringement: Walker on Patents, § 335, et seq.; *Tilghman* v. *Proctor,* 102 U. S. 730; *Mowry* v. *Whitney,* 14 Wall. 620; *Cochran* v. *Deener,* 94 U. S. 787; *Starling* v. *St. Paul Plow Works,* 29 Fed. Rep. 790; *White* v. *Lee,* 14 Fed. Rep. 789; *Rogers* v. *Riessner,* 30 Fed. Rep. 525, 530; *Bartlett* v. *Holbrook,* 1 Gray, 114; *St. Paul Plow Works* v. *Starling,* 140 U. S. 184; *Machine Co.* v. *Murphy,* 97 U. S. 125; *Cantrell* v. *Wallick,* 117 U. S. 689–694; *Johnson* v. *Willimantic Linen Co.,* supra; Walker on Patents, § 304; 2 Robinson on Patents, § 820, and note 4; *Washburn Mfg. Co.* v. *Wire Fence Co.,* 22 Fed. Rep. 712; 3 Robinson on Patents, §§ 984, 1251, 1252.

*C. E. and A. S. Littlefield,* for defendants.

Parties: *Walsh* v. *Packard,* 165 Mass. 189; *Flynn* v. *North Am. Life Ins. Co.,* 115 Mass. 450; *Saunders* v. *Saunders,* 154 Mass. 338.

Jurisdiction: *Elmer* v. *Pennel,* 40 Maine, 430; *Harlow* v. *Putnam,* 124 Mass. 556.

Infringement: 1 Robinson on Patents, § 288; 3 Robinson on Patents, § 894; *Case* v. *Brown,* 2 Wall. 320; *Duby* v. *Morse,* 146 U. S. 476.

SITTING: WISWELL, C. J., EMERY, HASKELL, STROUT, SAVAGE, JJ.

WISWELL, C. J. Under date of March 12, 1889, two letters-patent, numbered respectively 399,495 and 399,496, were granted to one Granville E. Carleton, one of which related to an improved kiln, and the other to a new method, for calcining stone in the manufacture of lime or cement.

On January 2, 1893, the patentee, while still the owner of both patents, entered into a written contract under seal with the defendants, by the terms of which he gave to them the right to use the apparatus and the method covered by these two letters-patent in certain of their lime kilns; and the defendants, upon their part, covenanted to make full and true returns, twice yearly, of the quantity of lime manufactured by them; and further, "to pay to the party of the first part (the patentee) two cents per cask as a license fee on every barrel of lime manufactured by said party of the second part (the defendants) in said kilns by means of the apparatus and method covered by said letters-patent." By mutual agreement of the parties the price was subsequently reduced to one cent per barrel. For several years subsequently the defendants used the patented apparatus and method, rendered accounts to the patentee of the quantity of lime manufactured by them, and paid therefor in accordance with the contract.

On September 25, 1894, the patentee, by sufficient deeds duly executed and recorded in the United States Patent Office, sold assigned and set over to his wife, the plaintiff, the patents described in and covered by these letters-patent. The language used in each of the deeds, applicable to the thing transferred, is as follows, "all the right, title and interest I have in the above described invention, as secured to me by letters-patent, for, to, and in the United States. The same to be held and enjoyed by the said S. Josephine Carleton for her own use and behoof, and for the use and behoof of her legal representatives to the full end of the term for which said letters were granted as fully and entirely as the same would have been held and enjoyed by me had this assignment and sale not been made."

This action of debt upon the defendants' covenant to pay a license fee, contained in the written and sealed contract of January 2, 1893, is brought by the grantee of the two patents, in her own name, to recover the stipulated license fee for the lime manufactured by the defendants in the year 1896. Two questions are raised relative to the plaintiff's right to maintain this action.

I. The defendants say in their plea that during the year 1896

they did not manufacture any lime by the use of the apparatus or under the method covered by the letters-patent above referred to. "That during said time the apparatus and methods used by them in said kilns and in their other kilns were not covered by the plaintiff's said letters-patent or either of them, and that the plaintiff has no patent on said apparatus and methods or any of them so used by the defendants, and that said apparatus and methods so used by the defendants, during the time aforesaid, and each of such apparatus and methods so used by the defendants, are not an infringement of the plaintiff's said letters-patent or either of them."

The contention of the plaintiff is, as shown by the evidence, that the apparatus and method used by the defendants in the manufacture of lime during this period, if not precisely the same as the patented apparatus and method, were practically and essentially the same, that they were in every sense identical and were infringements of the plaintiff's patents. Thereupon the defendants say that this question is not one which can be determined in the state court; that this court, by reason of the pleading and the contention of the parties, has been ousted of its jurisdiction of the cause and that the issue can only be tried in the courts of the United States.

However many practical difficulties may arise in the trial of an issue of this kind in a state court, we must consider the question of jurisdiction settled against the contention of the defense by the great weight, and, in fact, almost unbroken line, of authorities both federal and state.

By the United States R. S., § 711, the courts of the United States are given exclusive jurisdiction : "Fifth. Of all cases arising under the patent-right or copyright laws of the United States." But this is not a case arising under the patent-right laws of the United States. It is an action upon a contract, between citizens of the same state, of which the state courts have the exclusive jurisdiction. It is brought to recover the license fee stipulated in a written contract, wherein the respective rights of the parties to that contract are fully provided for; and the only question that arises is, whether the defendants, during the period sued for, have been using the apparatus and method covered by the letters-patent, which

they had a right to use under their license, and are consequently liable for the agreed royalty, although incidentally the question of infringement may arise.

But it is not sufficient to oust the state court of its jurisdiction of a cause that a *question* incidentally arises under patent laws, the statute referred to gives the courts of the United States jurisdiction only of *cases* arising under such laws. To constitute such a case the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction, of these laws. *Starin* v. *New York*, 115 U. S. 248; *Germania Ins. Co.* v. *Wisconsin*, 119 U. S. 473.

The United States Supreme Court has frequently held that the federal courts had no jurisdiction, irrespective of citizenship, of suits to recover a royalty, or for the specific execution of a contract for the use of a patent, or of suits where a subsisting contract is shown governing the rights of the party in the use of an invention, and that such suits not only may, but must, be brought in the state courts. *Hartell* v. *Tilghman*, 99 U. S. 547; *Wilson* v. *Sandford*, 10 How. 99; *Albright* v. *Teas*, 106 U. S. 613; *Wade* v. *Lawder*, 165 U. S. 624. In the latter case it is said: " Where a suit is brought on a contract of which a patent is the subject matter, either to enforce such contract or to annul it, the case arises on the contract, or out of the contract, and not under the patent laws."

In *St. Paul Plow Works* v. *Starling*, 127 U. S. 376, an action commenced in the United States Circuit Court by a citizen of one state against a corporation of another to recover the royalty stipulated in a license to make and sell a patented article, the question whether the patent was valid was raised by the pleadings, the court said that it was unnecessary to decide whether the case should be considered as "arising under" the patent laws of the United States as it was unquestionably a " case touching patent rights " and therefore, by virtue of another statute, within the appellate jurisdiction of that court.

But in the recent case of *Pratt* v. *Paris Gaslight & Coke Co.*, 168 U. S. 255, this precise question, in principle, was decided.

It was there held that evidence of the invalidity of a patent and its infringement of a prior patent does not oust the jurisdiction of a state court in an ordinary action of assumpsit, when the state court has jurisdiction both of the parties and of the subject matter as set forth in the declaration, and the question of the invalidity of the patent is incidental to a defense of the lack of consideration and of a rescission of the contract. And further, that the power of the state courts to determine questions arising under the patent laws is not precluded by the statute above referred to which gives exclusive jurisdiction to the federal courts of cases arising under these laws.

In this case the court points out the distinction between questions arising under the patent laws and cases arising under these laws and says: "There is a clear distinction between a case and a question arising under the patent laws. The former arises when the plaintiff in his opening pleading—be it a bill, complaint or declaration—sets up a right under the patent laws as ground for a recovery. The latter may appear in the plea or answer or in the testimony. The determination of such question is not beyond the competency of the state tribunals."

To the same effect may be cited the decisions of many state courts. See *Bliss* v. *Negus*, 8 Mass. 46; *Nash* v. *Lull*, 102 Mass. 60; *Holt* v. *Silver*, 169 Mass. 435; *Dunbar* v. *Marden*, 13 N. H. 311; *Rich* v. *Atwater*, 16 Conn. 409; *Sherman* v. *Champlain Transportation Co.*, 31 Vt. 162, and many other cases which will be found cited in *Pratt* v. *Gaslight & Coke Co.*, supra.

It is true, that in *Elmer* v. *Pennel*, 40 Maine, 430, this court came to a different conclusion and decided that in a suit upon a note given for the conveyance of a patent right, proof that such patent was void, because an infringement of a prior one is not admissible, unless that fact had been previously determined by a Circuit Court of the United States. But this case has never been followed in this state, or elsewhere to our knowledge, and it has been so frequently criticised by other courts that we can not now regard it as an authority.

In view of the overwhelming weight of authorities, we must

consider the following to be the true principle, as stated by Mr. Justice Clifford, in *Blanchard* v. *Sprague,* 1 Cliff. 288: "Whenever a contract is made in relation to patent rights, which is not provided for and regulated by an act of Congress, the parties, if any dispute arises, stand upon the same ground as other litigants in respect to the jurisdiction of the court."

II.   The remaining question is, whether this action upon the contract under seal of January 2, 1893, can be maintained by the plaintiff in her name.   The case does not show any assignment of the contract to her, except in so far as the deeds of the patent rights, already quoted from, may have the effect of an assignment.   And it is not claimed by the plaintiff that she is the assignee of a chose in action and could therefore, under our statute, maintain the suit in her own name.   The defendants' covenant was to pay the stipulated royalty to the patentee, the other party to the contract, not to his assigns.   It may be assumed, however, that the deeds to the plaintiff transferred to her the beneficial interest in all outstanding contracts respecting the patent.

But this does not enable her to maintain an action in her own name upon the covenant to pay royalties.   Where the contract is under seal, the legal title is in the obligee, and the action must be brought in his name. *Farmington* v. *Hobert,* 74 Maine, 416.   And although the covenant under seal with one person is expressed to be for the benefit of another, an action for its breach must be in the name of the covenantee. *Brann* v. *Maine Benefit Life Association,* 92 Maine, 341.

This has always been the rule at common law.   In 1 Chitty on Pleadings, 3, this is said to be "an inflexible rule" respecting a deed inter parties.   "When the deed is inter parties, that is an indenture, no one who is not named therein as a party can sue upon his covenants."   15 Encyl. of Pleading and Practice, 508. "In regard to contracts under seal, the law has always been that only those who were parties to them could sue upon them." *Saunders* v. *Saunders,* 154 Mass. 337.

No authority is cited sustaining the plaintiff's right to maintain this action, nor that a covenant such as the one in suit should be

subject to any exception to the general rule of the common law which has always been upheld in this state; but it is urged in support of the action that the position of the plaintiff is analogous to that of the grantee of the reversion of land under lease for a term of years, and that such grantee may maintain an action in his own name to recover the rent maturing after the grant of the reversion.

It is true, that such an action may be maintained by this grantee of a reversion, but it is probable that even this could not have been done at common law, and that the right of a grantee of the reversion of land to maintain an action upon a lease for rent accruing after the grant, was given by the statute 32 Henry VIII, c. 34, which became a part of our common law. It is said in 1 Chitty on Pleadings, 20 : "But at common law none but parties or privies to *express* covenants, as the parties or their heirs or devisees, could sue thereon, the privity of contract being in such case wanting; and the grantee of the reversion is therefore considered as a mere stranger. This defect was remedied by the statute 32 Henry VIII, c. 34, which transfers the remedy and right of action to the grantee against the lessee or his assigns, although the grantee be not named in the lease." Although, it is said in *Patten* v. *Deshon*, 1 Gray, 325, that this right existed at common law independent of the statute referred to.

But however this may be, our attention has not been called to, and we are not aware of, any case which is an authority for an extension of the rule to the case of a personal covenant; while in several cases, where the covenant was more closely analogous to that of a lessee to pay rent than is true of the present case, the courts have declined to extend the rule to personal covenants.

In *Walsh* v. *Packard*, 155 Mass. 189, it was held that the covenant of the surety for the payment of the rent of leased premises was a personal one, and did not run with the land, and that consequently the administrator of the covenantee, and not his heirs, was the proper person to sue. To the same effect is the case of *Harbeck* v. *Sylvester*, 13 Wend. 608.

We are, therefore, of the opinion that a suit for the breach of a purely personal covenant, such as the one in suit, must be brought

in the name of the covenantee, and that this action, for that reason, can not be maintained. In accordance with the stipulation of the report the entry will be,

*Plaintiff nonsuit.*