MARSHALL ENGINE COMPANY *vs.* NEW MARSHALL ENGINE COMPANY & another.

Franklin.   September 15, 1908. — October 19, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Equity Jurisdiction*, To compel assignment of patent. *Jurisdiction.   Patent.*

A master, to whom was referred a suit in equity against a corporation and an inventor to compel the corporation to assign to the plaintiff certain letters patent, and to enjoin the defendants from manufacturing or selling machines covered by such letters patent, found that the inventor formerly had owned letters patent covering a certain type of machine, and had applied for the letters patent, which were the subject of the suit, and which were upon an improvement on the original machine, that, after the original patent had expired and while the application for the patent upon the improvement was pending, he in writing assigned to the plaintiff all his "right title and interest" to the original patent, and "all further improvements thereon and renewals of the aforesaid patent," and the assignment

duly was recorded in accordance with the national patent law. Thereafter the letters patent, which were the subject of this suit, were issued to the inventor, and he assigned them to the defendant corporation. The defendants moved to dismiss the bill on the ground of lack of jurisdiction in the State court, contending that, under U. S. Rev. Sts. § 711, cl. 5, the United States courts had exclusive jurisdiction, because the bill presented " a question involving an inquiry as to the construction and scope of the patents therein mentioned," namely, the question whether the later patent was for an " improvement " upon the machine formerly patented. The motion was denied and the defendants appealed. *Held,* that the motion was denied properly, since the suit related to the construction and enforcement of an instrument transferring rights under letters patent, and of such a suit the jurisdiction of the United States courts is not exclusive.

BILL IN EQUITY, filed in the Superior Court for the county of Franklin on October 23, 1905, seeking to compel the defendant corporation to assign to the plaintiff United States letters patent numbered 725,349, alleging that the defendant Frank J. Marshall had assigned to the plaintiff all his " right title and interest in and to " United States letters patent numbered 342,802, for an improvement in engines, " and all further improvements thereon and renewals of the aforesaid patent, that the letters patent numbered 725,349, which were granted to Marshall after the assignment to the plaintiff, but upon an application pending at the time of such assignment, were upon an improvement on the engine on which the letters patent 342,802 were granted, and that Marshall had assigned the letters patent numbered 725,349 to the defendant corporation; and seeking also that the defendants be enjoined from manufacturing or selling any engines covered by the last named patent.

The cause was referred to a master, who filed a report on February 18, 1907, to which the defendants filed objections but no exceptions. On April 6, 1907, *Fessenden,* J., ordered the master's report confirmed.

On April 13, 1907, the defendants filed a motion that the bill be dismissed on the ground that it presented " a question involving an inquiry as to the construction and scope of the patents therein mentioned, of which question the federal courts have exclusive jurisdiction." This motion was denied on April 25, 1907, and the defendants appealed.

A final decree granting the prayers of the bill was entered thereafter and the defendants appealed.

*F. J. Lawler, (L. W. Griswold* with him,) for the defendants.
*F. L. Greene, (W. H. Bond* of New York with him,) for the plaintiff.

LORING, J. The only ground on which the defendants contend that the decree in favor of the plaintiff should be reversed is that the case at bar is a case arising under the patent right laws of the United States. If it is, this court has no jurisdiction. By U. S. Rev. Sts. § 711, cl. 5, the jurisdiction given to the courts of the United States in such cases is exclusive of the courts of the several States.

The cause was sent to a master. From his report it appears that in 1886 a patent was issued to the defendant Marshall for an improvement in pulp beating machines.

This patent expired on June 1, 1903. Between eight and nine months before the expiration of this patent, (on September 13, 1902,) Marshall organized the plaintiff corporation in New Jersey. It had a capital stock of $50,000, of which shares to the amount of $5,000 were preferred and $45,000 common. On September 15, 1902, all the common stock was issued to Marshall in consideration of an assignment by him of the " United States Letters Patent, No. 342,802, for improvement in engines issued to Frank J. Marshall June 1, 1886, and all improvements thereon and renewals of the same," and the good will of his business. This was not recorded in the patent office. At the date of this agreement Marshall " had pending an application for a patent on which application patent 725,349 was issued in 1903."

The assignment of September 15 contained a covenant of further assurance, and on October 8, 1904, (one year and four months after the original patent had expired,) Marshall, at the request of the plaintiff, executed and delivered to it an assignment in pursuance of this covenant of further assurance. After reciting that he had obtained " letters patent of the United States of America for an improvement in engines, which letters patent are numbered 342,802," and that he had made a former assignment of the patent, and the fact that the assignment was not recorded and that he previously had made a covenant of further assurance, Marshall assigned to the plaintiff " the whole right, title and interest in and to the said improvement in engines, and in and to the letters patent therefor aforesaid, and

all further improvements thereon and renewals of the aforesaid patent."

Meanwhile, to wit, on April 14, 1903, Marshall had obtained another patent for an improvement in pulp beating engines. With respect to this improvement the master made this finding: " The machine described in the second patent is like that described in the first with the single exception that a portion of the machine called in the first patent a 'bed plate' is described in the second patent as made in two sections clamped together, instead of being in a single piece. This is the improvement for which the patent of 1903 (No. 725,349) was granted, it being claimed that the improvement facilitated the removal of the plate when necessary for cleaning the machine or for any other purpose. When the parts are clamped together, so that the machine is ready for use, the operation of the machine is precisely like that of the machine described in the patent of 1886 (No. 342,802)."

On June 15, 1905, a receiver was appointed for the plaintiff corporation in New Jersey, and later the same person was appointed receiver in ancillary proceedings begun in Massachusetts. On June 21, 1905, Marshall organized a Massachusetts corporation to operate the patent rights covered by the later patent, (No. 725,349,) and on June 22 assigned that patent to the new corporation. This new corporation is the other defendant in the suit now before us. The Massachusetts corporation has a capital stock of $50,000, all issued to Marshall except three shares, and Marshall is the president and treasurer of it.

In taking out the letters patent No. 725,349 for the improvement in pulp beating machines, Marshall stated that this was "an improvement on patent No. 411,251, granted September 17, 1889, to E. R. Marshall and also embodies features shown in patent No. 342,802, granted June 1, 1886, to myself." Beyond this statement in letters patent 725,349, it does not appear that a patent was issued to E. R. Marshall. It nowhere appears in the case what the improvement covered by that patent consists of nor who E. R. Marshall is.

The words " all improvements thereon " in the agreement of September 15, 1902, include all improvements on the improvement in engines for which the original letters patent were

granted. On the finding of the master the improvement for which letters patent No. 725,349 were issued was an improvement in engines for which the original letters patent (No. 342,802) were granted and is covered by the agreement of September 15. This conclusion is enforced by the fact that, when this agreement was made, Marshall had pending an application for the improvement afterwards covered by letters patent 725,349.

The defendants contend that the question whether the improvement for which the later letters patent were issued is an improvement on the former improvement is a question arising under the patent right laws of the United States.

It is settled that "where a suit is brought on a contract of which a patent is the subject matter, either to enforce such contract or to annul it, the case arises on the contract, or out of the contract, and not under the patent right laws" of the United States. *Wade* v. *Lawder,* 165 U. S. 624, and cases cited. See also *Lamson* v. *Martin,* 159 Mass. 557.

Further it is settled that if the invalidity of a patent is incidentally drawn in question in a cause properly cognizable in a State court, the jurisdiction of that court is not thereby ousted. *Pratt* v. *Paris Gas Light & Coke Co.* 168 U. S. 255. See also in this connection *Jackson* v. *Allen,* 120 Mass. 64; *Burton* v. *Burton Stock Car Co.* 171 Mass. 437.

The principal argument of the defendants in support of their contention is founded on the clause in the final decree by which the defendants and both of them, together with "all persons acting or claiming under them or any of them" are "perpetually enjoined and restrained from engaging in the business of making, vending, filling, selling and otherwise dealing in and with, the devices and machines covered by Patent No. 725,349 of the United States of America, for a new and improved device in refining engines known as the 'Marshall Perfecting Engine.'"

This argument, put forward by the defendants in several forms, is that a suit for an infringement would have resulted in such an injunction as that contained in the final decree in the case at bar, and for that reason the suit now before us is a suit arising under the patent right laws of the United States.

In the case at bar the right of the plaintiff to an assignment

of patent No. 725,349 was and is a right arising out of the contract between the plaintiff and Marshall, dated September 15, 1902.   By force of that contract, under the facts which afterwards happened, the plaintiff was entitled to a decree directing both defendants to assign that patent to the plaintiff.   As a corollary and as an incident to that relief it was perhaps not improper to enjoin these defendants from doing acts which the owner of that patent alone can do.   However that may be, the decree in the suit now before us is not a decree that the defendants have done certain acts which it is now decided are a violation of the rights secured to the plaintiff by letters patent.   It is a decree that, since the plaintiff is the owner of the patent here in question, the defendant cannot do those acts which the patent secures to the owner, without deciding what those acts are.   In other words, the suit now before us is just what *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.* 185 U. S. 282 (relied on by the defendants) was not.

The defendants have also argued that, to decide in favor of the plaintiff, this court must determine a question of infringement between the patent 342,802 and patent 411,251.

The short answer to that contention is that no such case appears to have been raised in evidence before the master.   It does not appear even what patent 411,251 consists in.   In that state of the evidence there can be no question of infringement between 342,802 and 411,251.   We do not intend to intimate that this objection would have been good if it had appeared that one of these two patents infringed upon the other.

*Decree affirmed.**

---

* The case was taken to the Supreme Court of the United States by writ of error.