EUCLID I. LACHAPELLE *vs.* UNITED SHOE MACHINERY CORPORATION.

SAME *vs.* SAME.

Suffolk. December 3, 1929. — September 11, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, & WAIT, JJ.

*Jurisdiction. Contract,* Concerning invention. *Patent. Pleading, Civil,* Declaration.

The exclusive jurisdiction of the courts of the United States over "all cases arising under the patent-right . . . laws of the United States" under 36 U. S. Sts. at Large, 1161; art. 1, § 8, of the Federal Constitution, does not go so far as to divest the State courts of jurisdiction over actions for breach of contract merely because a collateral result will be to establish a fact between the parties which may affect the originality of an invention covered by a patent. Per RUGG, C.J.

The declaration in an action of contract set out a cause of action for breach by the defendant of a contract with the plaintiff whereby the plaintiff disclosed to the defendant patentable inventions already made by him, but not patented, or assigned to the defendant inventions already made by him, or agreed as employee of the defendant to use his talents to make inventions and actually invented

valuable patentable mechanisms for the benefit of the defendant, all upon promises by the defendant to pay the plaintiff fair remuneration for such of his inventions as were profitably used by the defendant. Some of the allegations in the declaration approached closely to allegations of bad faith in the conduct of the defendant with respect to the inventions of the plaintiff. Specifications were filed by the plaintiff to the effect that certain of the inventions made by the plaintiff and disclosed by him to the defendant and used by the defendant were those covered by certain applications for letters patent, and by described letters patent issued by the United States and assigned to the defendant. A motion by the defendant to dismiss the action for want of jurisdiction was denied. *Held,* that

(1) The plaintiff's cause of action was founded upon breach of a contract with the defendant and bore no relation to the validity of, or the rights of the plaintiff or others to, any patent: the cause of action would have been the same if the inventions of the plaintiff never had been patented;

(2) The reference in the specifications to certain applications for letters patent and certain letters patent was merely for the purpose of describing concisely the inventions of the plaintiff and was immaterial, since it could have been omitted without impairing or affecting a sufficient statement of the cause of action;

(3) Even if proof by the plaintiff of his cause of action should disclose that such letters patent ought not to have been issued, that result would be a mere incident to the cause of action;

(4) The plaintiff, if the inventor of a new mechanism, had a right not to disclose it publicly and to make an enforceable contract with respect to it without having it patented;

(5) The element of fraud on the defendant's part was irrelevant on the question of jurisdiction as between the courts of the United States and those of this Commonwealth;

(6) The cause of action disclosed in the declaration was not one within the exclusive jurisdiction of the courts of the United States over "all cases arising under the patent-right . . . laws of the United States" under 36 U. S. Sts. at Large, 1161; art. 1, § 8, of the Federal Constitution;

(7) The courts of this Commonwealth had jurisdiction of the cause of action and the defendant's motion properly was denied.

Two ACTIONS OF CONTRACT. Writs dated, respectively, November 1, 1922, and June 16, 1923.

The declarations are described in the opinion. In the Superior Court, the defendant filed a motion to dismiss each action for want of jurisdiction. The motions were heard by *Walsh,* J., and were denied. The judge thereupon reported the actions for determination by this court.

*R. Proctor,* (*F. W. Knowlton* with him,) for the defendant.
*E. O. Proctor,* (*S. T. Crawford* with him,) for the plaintiff.

RUGG, C.J.   These are actions of contract.   They have been reported by the trial judge for determination of questions raised by denial of motions of the defendant to dismiss on the ground that the cases arose under the patent laws of the United States and were within the exclusive jurisdiction of courts of the United States.

It is alleged in all counts in both actions that the contracts in suit were made in October, 1905, by the plaintiff with a predecessor of the defendant to whose rights, business and assets the defendant has succeeded, and whose obligations and liabilities to the plaintiff the defendant has assumed and become bound to fulfill.   Since nothing turns on this factor, the original contractor with the plaintiff and the defendant will hereafter be described indiscriminately as defendant.   In each count in both actions are allegations of full performance by the plaintiff of his part of the contract and failure to perform by the defendant.   In the first count in the declaration in the first action it is alleged that a contract was made between the parties whereby the plaintiff disclosed to the defendant certain inventions made by him and entered the employ of the defendant and the defendant agreed to pay wages to the plaintiff and in addition fair remuneration for said inventions in case it should use them, and that the inventions have been used by the defendant and have proved of great value and highly profitable.   In the second count it is alleged that a contract was made whereby the plaintiff assigned to the defendant certain inventions made by him and applications for letters patent therefor; that the defendant agreed diligently to prosecute these applications and to use its best efforts to obtain letters patent therefor, and if such inventions, or any of them, should prove patentable and useful, to pay the plaintiff fair remuneration; that the inventions were patentable and useful, but by reason of the failure of the defendant to perform its obligations under the contract patents have been refused.   In the third count are allegations of a contract of employment, disclosure by the plaintiff to the defendant of certain specified inventions, agreement by the plaintiff to use his best efforts to invent and

design a particular machine, invention of such machines by the plaintiff, which, with the other inventions, proved patentable and have been used by the defendant to its great profit. The fourth count is similar to the third count, but presents the allegations in greater detail, and a further allegation that the plaintiff disclosed to the defendant an application for letters patent intended to cover one of his inventions which, unknown to the plaintiff, was defective but was assigned to the defendant, and agreement by the defendant diligently to prosecute applications for patents for the inventions made by the plaintiff. Specifications in substantially the same form are added to each of these counts to the effect that the inventions made by the plaintiff and disclosed by him to the defendant and used by the latter are those covered by certain applications for letters patent, and by described letters patent issued by the United States to a named person in 1911, 1912 and 1913, and by him assigned to the defendant. The declaration in the second action is in two counts containing allegations somewhat similar to those in the first action but relating to different inventions and letters patent. In the first count are allegations of employment by the defendant of the plaintiff as an inventor, agreement by the defendant to prosecute in conjunction with the plaintiff applications for letters patent for inventions made by the plaintiff during his employment, promise by the defendant to pay fair remuneration to the plaintiff for such inventions as should prove patentable and be used by the defendant, the making of valuable and profitable inventions by the plaintiff, use of them by the defendant, and an allegation that the defendant, unknown to the plaintiff, caused application for a patent for one such invention to be filed and on such application letters patent issued in the name of another which were assigned to the defendant and an improvement thereon was patented in the name of still another and assigned to the defendant. The second count is substantially the same as the first.

This summary of the allegations of the several counts of the declarations shows that the causes of action, however

stated, are founded on contracts between the plaintiff and the defendant whereby the plaintiff disclosed to the defendant patentable inventions already made by him, but not patented, or assigned to the defendant inventions already made by him, or agreed as employee of the defendant to use his talents to make inventions, and actually invented valuable patentable mechanisms for the benefit of the defendant, all upon promises by the defendant to pay the plaintiff fair remunerations for such of his inventions as were profitably used by the defendant, and breach by the defendant of all such contracts. These contracts either singly or in combination constitute the basis of the plaintiff's claims. Some of the allegations approach closely to bad faith in the conduct of the defendant with respect to the inventions of the plaintiff even if not definitely reaching to that point. The actions are unequivocally for breach of these contracts thus set out. They do not relate directly to the validity of patents and are not designed to assail the validity of patents. The plaintiff does not seek to establish his right to a patent, or to impeach the right of another to a patent. He is not in these actions contesting the validity of a patent. If the devices invented by the plaintiff and used by the defendant which form the subject of the alleged contracts had never been patented by anybody, the pleadings of the plaintiff would be substantially the same. Certain letters patent are definitely named in specifications attached to each count; but that is for the purpose of affording a concise description of the inventions made by the plaintiff and alleged to be the subject of the contracts between the plaintiff and the defendant. Those inventions doubtless might have been described with adequate particularity without mention of the letters patent. Such descriptions would have been sufficient as matter of pleading without reference to letters patent, and the identity of the causes of action would not have been thereby affected. Every designation of letters patent might be stricken from the plaintiff's declaration without impairing or altering the causes of action there stated. Under the cases presented by the declarations, it will be essential for

the plaintiff to prove that he disclosed useful inventions to the defendant or made valuable inventions for the benefit of the defendant which the defendant used. Because the defendant used certain patented inventions, it may be that the plaintiff, in order to establish his case, will prove that there is identity between his alleged inventions and those for which letters patent subsequently have been issued in the names of third persons. It may follow as a result of this proof that the letters patent ought not to have issued as and when they did issue if all relevant facts had been known and disclosed. If that result follows, it will be because the defendant breached its antecedent contracts with the plaintiff. If that result follows, it will be a mere incident of the causes of action set out by the plaintiff. It is not the case upon which the plaintiff rests his claim of liability against the defendant. If the plaintiff should challenge directly the validity of the named patents by appropriate proceedings in the courts of the United States and should prevail (if it be assumed that such course be open to him) he would not thereby establish his causes of action against the defendant set out in these declarations. He would still be obliged to bring actions, like those at bar, against the defendant on his contracts and prove all the essential allegations of his present declarations, namely, the making of the contracts, the performance of every obligation thereby resting on him and breach by the defendant of its obligations under the contracts. This is the nature of the causes of action of the plaintiff set out in his declarations as it seems to us.

Jurisdiction is vested in courts of the United States, exclusive of the courts of the several States, "Of all cases arising under the patent-right . . . laws of the United States." The Judicial Code, approved March 3, 1911, c. 231, § 256, Fifth. 36 U. S. Sts. at Large, 1161. U. S. Const. art. 1, § 8. The decisive question for decision is whether these are "cases arising under the patent-right . . . laws of the United States" according to the true meaning and intent of those words in the quoted clause from the Judicial Code. The defendant concedes that the

validity of a patent or the originality of an invention may in a proper case be tried in a State court. It was said by Mr. Justice Gray in *David* v. *Park*, 103 Mass. 501, 503, "Questions of the existence, validity or construction of letters patent for inventions, when arising collaterally in a suit in a state court, must be there tried and determined. *Nash* v. *Lull*, 102 Mass. 60." Said Mr. Justice Loring in *Marshall Engine Co.* v. *New Marshall Engine Co.* 199 Mass. 546, 550: "It is settled that 'where a suit is brought on a contract of which a patent is the subject matter, either to enforce such contract or to annul it, the case arises on the contract, or out of the contract, and not under the patent right laws' of the United States. *Wade* v. *Lawder*, 165 U. S. 624, and cases cited. See also *Lamson* v. *Martin*, 159 Mass. 557. Further it is settled that if the invalidity of a patent is incidentally drawn in question in a cause properly cognizable in a State court, the jurisdiction of that court is not thereby ousted." *Holt* v. *Silver*, 169 Mass. 435, 455. *Aronson* v. *Orlov*, 228 Mass. 1, 9. Cases where the validity of a patent or the originality of an invention have been adjudicated in courts of this State are not infrequent. *Bliss* v. *Negus*, 8 Mass. 45. *Dickinson* v. *Hall*, 14 Pick. 217. *Bierce* v. *Stocking*, 11 Gray, 174. *Lester* v. *Palmer*, 4 Allen, 145. *Binney* v. *Annan*, 107 Mass. 94. *Somerby* v. *Buntin*, 118 Mass. 279. *Jackson* v. *Allen*, 120 Mass. 64, 78–80. *Burton* v. *Burton Stock Car Co.* 171 Mass. 437. The plaintiff, if the inventor of a new mechanism, had a right not to disclose it publicly and to make contracts with respect to it without getting it patented, which the courts will protect. *Peabody* v. *Norfolk*, 98 Mass. 452, 458. *E. I. Du Pont de Nemours Powder Co.* v. *Masland*, 244 U. S. 100.

"There is a clear distinction between a case and a question arising under the patent laws." *Pratt* v. *Paris Gas Light & Coke Co.* 168 U. S. 255, 259. In *New Marshall Engine Co.* v. *Marshall Engine Co.* 223 U. S. 473 (affirming judgment in the same case in 203 Mass. 410) it was said at page 478: "The Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not

of all questions in which a patent may be the subject-matter of the controversy. For courts of a State may try questions of title, and may construe and enforce contracts relating to patents." The most recent pronouncement by the court of last resort on this subject is *Becher* v. *Contoure Laboratories, Inc.* 279 U. S. 388, affirming 29 Fed. Rep. (2d) 31. The facts in that case were that one Oppenheimer had made an invention and employed Becher as a machinist to construct the invented machine and improvements made by Oppenheimer from time to time, disclosing to Becher the invention, who agreed to keep secret the information thus obtained and not to use it for his own benefit. Becher filed an application for a patent of the invention falsely stating that he was the inventor, and obtained a patent therefor in his own name. On discovery of these facts Oppenheimer and the corporation to which he had assigned the invention brought suit in a State court praying that Becher be declared trustee *ex maleficio* of the invention and letters patent, and for injunctive relief. The State court held that it had jurisdiction, granted the relief prayed for and ordered Becher to assign the patent to its true owner. Becher thereupon brought suit in the Federal court setting up his patent and seeking to enjoin prosecution of the proceedings in the State court on the ground that the case arose under the patent laws and the State court was without jurisdiction. Becher was denied relief because it was held that the State court had jurisdiction. In the judgment of the Supreme Court of the United States it was said: "It is not denied that the jurisdiction of the Courts of the United States is exclusive in the case of suits arising under the patent laws, but it was held below that the suit in the State Court did not arise under those laws. It is plain that that suit had for its cause of action the breach of a contract or wrongful disregard of confidential relations, both matters independent of the patent law, and that the subject matter of Oppenheimer's claim was an undisclosed invention which did not need a patent to protect it from disclosure by breach of trust. *Irving Iron Works* v. *Kerlow Steel Flooring Co.* 96 N. J. Eq. 702. *Du Pont de Nemours*

*Powder Co.* v. *Masland,* 244 U. S. 100. Oppenheimer's right was independent of and prior to any arising out of the patent law, and it seems a strange suggestion that the assertion of that right can be removed from the cognizance of the tribunals established to protect it by its opponent going into the patent office for a later title. It is said that to establish Oppenheimer's claim is to invalidate Becher's patent. But, even if mistakenly, the attempt was not to invalidate that patent but to get an assignment of it, and an assignment was decreed. Suits against one who has received a patent of land to make him a trustee for the plaintiff on the ground of some paramount equity are well known. Again, even if the logical conclusion from the establishing of Oppenheimer's claim is that Becher's patent is void, that is not the effect of the judgment. Establishing a fact and giving a specific effect to it by judgment are quite distinct. A judgment *in rem* binds all the world, but the facts on which it necessarily proceeds are not established against all the world, *Manson* v. *Williams,* 213 U. S. 453, 455, and conversely establishing the facts is not equivalent to a judgment *in rem.* That decrees validating or invalidating patents belong to the Courts of the United States does not give sacrosanctity to facts that may be conclusive upon ·the question in issue. A fact is not prevented from being proved in any case in which it is material, by the suggestion that if it is true an important patent is void — and, although there is language here and there that seems to suggest it, we can see no ground for giving less effect to proof of such a fact than to any other. A party may go into a suit estopped as to a vital fact by a covenant. We see no sufficient reason for denying that he may be equally estopped by a judgment. See *Pratt* v. *Paris Gas Light & Coke Co.,* 168 U. S. 255. *Smith & Egge Manufacturing Co.* v. *Webster,* 87 Conn. 74, 85."

We are of opinion that this decision governs the cases at bar. The validity of patents appears to us to be less directly involved and attacked as to originality of invention in the cases at bar than in the Becher case. The flagrancy of the fraud in that case does not distinguish it in principle from

the cases at bar. Want of jurisdiction in courts of the United States cannot depend upon the presence of that factor. The Federal statutes vest exclusive jurisdiction in the courts of the United States "Of all cases arising under the patent-right . . . laws of the United States" regardless of the element of fraud or flagitious conduct on the part of any party to the litigation. Further discussion on our part seems superfluous in view of the controlling authority of the Becher case.

The defendant relies upon *Forster* v. *Brown Hoisting Machinery Co.* 266 Ill. 287. In our opinion that case is distinguishable. It there was held that, although the suit was based on a contract, it was not claimed that the plaintiff had performed the contract; that the plaintiff could not resort to equity because he had complete remedy at law, and that the plaintiff was barred by laches. It would seem that what was said concerning the exclusive jurisdiction of the courts of the United States was hardly necessary to the decision. But however that may be, it cannot stand against the Becher case as controlling in the cases at bar.

The defendant lays hold of incidental expressions in certain opinions to the effect that if a plaintiff by his opening pleading makes it appear that some right or privilege under the patent laws will be defeated by one construction, or sustained by the opposite construction of those laws, or raises any question as to the validity of a patent, the case arises under the patent laws. *Pratt* v. *Paris Gas Light & Coke Co. supra*. *Fair* v. *Kohler Die & Specialty Co.* 228 U. S. 22. See *Aronson* v. *Orlov*, 228 Mass. 1, 6. Whatever weight is to be attached to such expressions, they are not relevant to the grounds of the present decision. As applied to the cases at bar, they do not shake the binding force of the Becher case. There the suit in the State court had immediate reference to particular letters patent and attacked the originality of the invention which appeared to be asserted and established on the very face of the letters patent. Moreover, as already pointed out, references in the declarations of the plaintiff to patents are not essential elements of the causes of action set out and might be

eliminated without affecting their substance. The cases disclosed on this record are ordinary actions for breach of contracts touching inventions. The exclusive jurisdiction of the courts of the United States over cases arising under the patent right laws does not go so far as to divest the State courts of jurisdiction over actions for breach of contract merely because a collateral result will be to establish a fact between the parties which may affect the originality of an invention covered by a patent. In each case let the entry be

*Order denying motion affirmed.*