HOWARD F. MAXIM *vs.* THE E. L. TEBBETS SPOOL COMPANY ET ALS.

Oxford.     Opinion, March 29, 1934.

*Nicolaus Harithas*, for plaintiff.
*Carl C. Jones*,
*Walter L. Gray*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J. Plaintiff sued to recover damages based on the charge that defendants conspired to prevent him from securing a patent on an automatic lathe which he claimed to have invented. Defendants filed general demurrers which were overruled. Exceptions were seasonably taken, bringing the case forward. The sole issue, therefore, is whether or not plaintiff's declaration sets out a cause of action on which he is entitled to be heard.

The facts related and relied upon may be summarized as follows. In 1912 and 1913, plaintiff "conceived an invention" relating

to an automatic lathe used in wood turning, which "he disclosed to several parties"; in 1920 he "conceived" two improvements thereon which he disclosed to "several parties including one of the defendants in February, 1922"; in November, 1922, he was asked by another defendant to make drawings of the invention which he "conceived" in 1912 and 1913, which he made and delivered to this defendant and a few days afterward orally explained to the first named defendant the later invention. He was an employee of the defendant corporation from 1891 to 1926 and was in daily contact with all of the defendants. In 1923 defendants caused a lathe, embodying the various improvements invented by him, to be manufactured, and one of them stated to plaintiff that the lathe so equipped was a failure, notwithstanding which plaintiff in October, 1924, applied for patents covering the alleged improvements.

Meanwhile, one of the defendants in April, 1924, filed an application for a patent on a similar device, claiming to be the inventor thereof, although plaintiff alleges it embraced nothing more nor less than what he had himself invented and disclosed to defendants.

In October, 1926, the United States Patent Office declared an interference between the application of plaintiff and that of this defendant and a hearing was had thereon, the issue being that of priority of invention. On that issue the decision was against plaintiff, excepting as to two minor improvements. No appeal from this finding was taken, although appeal is provided for by Federal statute.

Plaintiff's case as thus stated rests primarily upon the proposition that he was entitled to a decision in his favor in this hearing. He seeks to review and set aside the findings of the United States Patent Office. He asks this Court to adjudicate the issue of priority of invention. Unless and until that issue is decided favorably to him, he has suffered no damage. He must establish that position as a basis for his claim and, unfortunately, his declaration sets out the fact that a decision on that point was recorded against him by a competent tribunal to which he submitted his case. He has had his day in court, and no appeal lies from the decision there rendered excepting that provided by Federal Law.

The line of demarcation between cases involving matters concerning patents which may properly be litigated in the State Courts and those in which the Federal Courts have exclusive jurisdiction is clearly drawn and fully discussed in the case of *Carleton* v. *Bird*, 94 Me., 182, 47 A., 154.

Summarizing the law as laid down by the authorities generally, it may be said that whenever a contract is made in relation to patent rights which is not provided for and regulated by a Federal statute, the State Court having jurisdiction of the parties is the proper tribunal to hear and decide the case; but where the plaintiff sets up some right, title or interest under the patent laws or at least makes it appear that some such right or privilege will be defeated by one construction or sustained by an opposite construction, the jurisdiction of the Federal Courts is exclusive.

In *Pratt* v. *Paris Gaslight & Coke Co.*, 168 U. S., 255, the Court expressed the idea in these words: "There is a clear distinction between questions arising under the patent laws and cases arising under them. The former arises when plaintiff sets up a right under the patent laws as ground for recovery. Such cases are exclusively for the Federal Courts."

In *Hyatt* v. *Ingalls*, 49 Sup. Ct. (N. Y.), 375, the Court said: "A grant to a patentee of an exclusive right to manufacture and vend an article described therein is a grant of property; and if the validity of the patent is unquestioned State Courts will protect the owner of such property in the enjoyment thereof, by means of a decree of injunction, to the same extent as they would do were the subject matter of the litigation of any other description. But where the validity of the plaintiff's patent is put in question by the pleadings in a State Court, and the defendants present such proofs upon the trial as render it necessary for the Court to examine and pass upon conflicting patents or claims of priority in invention, in order to determine whether the plaintiff has such a property in the subject matter of the grant as entitles him to the exclusive and unmolested use of it, and an objection is taken to the jurisdiction of the Court for that reason, the bill must be dismissed; for in such cases the jurisdiction is in the Courts of the United States exclusively."

Plaintiff relied upon *Chapelle* v. *U. S. Machinery Corp.*, 272 Mass., 465, 172 N. E., 586, and *Becher* v. *Contoure Laboratories, Inc.*, *et al*, 279 U. S., 388; but these cases are readily distinguished from that presented here. The cases cited involved a determination of the contractual rights of the parties with regard to certain patents. In the instant case, the pleadings raise directly the issue of priority of invention.

Defendants argued the insufficiency of plaintiff's declaration on other grounds than those we have discussed but we deem it unnecessary to go farther. On the face of the declaration, the State Court lacked jurisdiction.

*Exceptions sustained.*