GEORGE C. MILLER & Co., INC., & another *vs.*
MATTHEW E. BEAGEN.

Suffolk.    January 14, 28, 1935. — December 31, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Patent. Jurisdiction. Invention. Contract,* Of employment. *Equity Pleading and Practice,* Answer; Master: report of evidence, recommittal; Decree; Dismissal of bill.

No error appeared in the denial of a motion to recommit a master's report for the purpose of securing a summary of evidence relating to a certain finding alleged by the moving party to be inconsistent with subsidiary findings, unwarranted by the evidence and erroneous in law, where no stenographer had been appointed and no transcript of evidence furnished as required by Rule 90 of the Superior Court (1932).

A State court of equity had jurisdiction of a suit against a former employee of the plaintiff in which the plaintiff alleged that the defendant had appropriated and sought to patent as his own an invention belonging to the plaintiff, in breach of the defendant's fiduciary duty to the plaintiff, and the plaintiff sought to have the defendant ordered to assign to the plaintiff his interest in the invention, in his application for a patent and in any patent issued thereon, and enjoined from assigning or granting any interest therein and from disclosing the designs and plans of the invention.

In the absence of any agreement to the contrary, an invention conceived concurrently and developed jointly by an officer of a corporation and by one of its employees not hired for that purpose, became the joint property of the officer and the employee.

In a suit in equity wherein the plaintiff alleged that the defendant had appropriated certain property belonging to the plaintiff, and sought to have the defendant ordered to transfer to the plaintiff all his interest in the property and enjoined from transferring it otherwise, and it was found that the property belonged to the parties jointly, a decree declaring the title accordingly and enjoining the defendant from transferring more than his undivided half interest in the prop-

erty was within the scope of the bill and proper; the plaintiff was not entitled to have the bill dismissed though the full relief sought therein could not be granted.

No affirmative relief can be decreed to a defendant in a suit in equity in the Superior Court unless counterclaimed as provided by Rule 32 of the Superior Court (1932).

BILL IN EQUITY, filed in the Superior Court on April 22, 1933.

The decrees appealed from by the plaintiffs were entered by order of *Whiting*, J.

*J. A. Lane & E. Spear, Jr.*, for the plaintiffs.

*T. F. Sullivan*, for the defendant.

RUGG, C.J. ·This suit in equity as amended is brought by a corporation and George C. Miller, its president. The cause of action arises out of a controversy between the corporation and Miller on one side and the defendant on the other side, concerning the conception and invention of a mechanical apparatus or machine to expedite the dipping, cooling and packing of hand-dipped chocolates in connection with a moving belt. The allegations of the bill in substance are that the plaintiff Miller devised a machine of the nature described, of which he made rough sketches and drawings; that he handed these to the defendant, an employee of the plaintiff corporation, and asked him in the course of his employment to construct the machine in accordance therewith; that the defendant, with the help of another employee, constructed such machine which, together with the sketches and drawings, is the property of the plaintiff corporation; that the defendant has taken as his own these plans and sketches and has applied for letters patent on the machine as his own invention. The bill is framed on the theory that the defendant as a former employee of the plaintiff corporation has thus appropriated property and property rights of the plaintiffs in violation of his fiduciary obligation. It contains prayers, among others, that the defendant be ordered to assign to the plaintiffs all his right, title and interest in his application for letters patent and to the patents issued thereon, and in and to the invention covered thereby, and that he be en-

joined from assigning or granting any right, title or interest in the same and from disclosing the designs and plans of the machine.

The case was referred to a master under a rule requiring him to hear the parties, find the facts, and report his findings with such questions of law as either party might request. He reported findings in detail as to the structure, functions and operation of the machine. Further findings in substance were these: The defendant was employed by the plaintiff corporation as a general mechanic in repairing, altering and constructing mechanical equipment and in supervising such work. He worked with his own hands as well as in directing the labor of others. Both Miller and the defendant had long mechanical experience. No formal plans of the machine were drawn, but rough sketches were prepared by Miller at conferences between him and the defendant, at which both made suggestions. While in the employ of the plaintiff corporation, the defendant worked. at times outside the regular factory hours. He worked many hours on this machine outside the usual working time. There was no special agreement or understanding between the parties concerning property rights of the defendant in any invention that might be made by him in the course of his employment. There was direct conflict in the testimony of Miller and the defendant and in other evidence. The conclusion of the master was that the idea of the machine was conceived concurrently by both Miller and the defendant, and was jointly and coöperatively developed and perfected, as the construction of the machine progressed, by their combined efforts and experimentation and through conferences and exchanges of thought. The machine was constructed at the factory of the corporate plaintiff in the summer of 1932, and actual production with it began about September 1, 1932. The defendant made an application for a patent on February 21, 1933, but did not sever his employment until April 14, 1933, when for the first time he told Miller that he had applied for a patent. Miller made application for a patent on April 26, 1933. The present bill was filed on April 22, 1933. So far as disclosed

by this record, no action has been taken on these applications and no patent has been granted for the machine.

No questions of law were reported by the master. The plaintiffs took many objections to the master's report. They filed a motion to recommit the report for the purpose of securing a summary of evidence relating to the conception of the idea of the machine. That motion was denied and the report was confirmed and interlocutory decrees were entered accordingly. A final decree was entered to the effect that the conception and invention in controversy is the joint property of Miller and the defendant, that each owner be enjoined from transferring more than an undivided half interest in the conception and invention or in any patents issued or to be issued thereon, and that the bill be dismissed as to the corporate plaintiff. From the interlocutory and final decrees the plaintiffs appealed.

There was no error in the denial of the plaintiffs' motion to recommit the report to the master. The contention of the plaintiffs is that they have a right to a report of a summary of the evidence in order to test whether the finding as to the conception and invention of the machine "is inconsistent with and contrary to the subsidiary findings of fact, and is not supported by the evidence and that the finding is erroneous as a matter of law." The plaintiffs did not conform to the practice established by Rule 90 of the Superior Court (1932). No stenographer was appointed and no transcript of evidence furnished as required in that rule. Therefore, no summary of the evidence was required. Whether the report should be recommitted rested in sound judicial discretion. *Smith* v. *Butler*, 281 Mass. 87. *Epstein* v. *Epstein*, 287 Mass. 248, 253–254. *Israel* v. *Sommer*, 292 Mass. 113, 119. *Cook* v. *Scheffreen*, 215 Mass. 444, 448. *Smith* v. *Lloyd*, 224 Mass. 173, 175. There was no abuse of discretion in denying the motion.

The allegations of the bill in effect are that the defendant acquired his knowledge of the machine by reason of his employment by the corporate plaintiff, through information communicated to him by Miller and through plans prepared by Miller and shown to the defendant. Fairly

interpreted, the bill is designed to seek relief on the ground of a breach by the defendant of his fiduciary relationship to the corporate plaintiff as its employee. There is no allegation in the bill that a patent has been issued to any one. A patent takes effect as of the date when issued and it cannot be antedated. *Aronson* v. *Orlov,* 228 Mass. 1, 7. Federal courts have jurisdiction exclusive of the courts of the several States of "all cases arising under the patent-right . . . laws of the United States." The Judicial Code, 36 U. S. Sts. at Large, 1161, c. 231, § 256, Fifth; U. S. Code, Title 28, § 371, Fifth. There is "a clear distinction between a case and a question arising under the patent laws." *Pratt* v. *Paris Gas Light & Coke Co.* 168 U. S. 255, 259. "The test of jurisdiction is this: Does the complainant 'set up some right, title or interest under the patent laws of the United States, or make it appear that some right or privilege will be defeated by one construction, or sustained by another, of those laws?' *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.,* 185 U. S. 282." *Henry* v. *A. B. Dick Co.* 224 U. S. 1, 16. State courts have jurisdiction to prevent or repair breaches of the fiduciary relationship with respect to inventions in the circumstances here disclosed. *Aronson* v. *Orlov,* 228 Mass. 1, 8–9. *Wireless Specialty Apparatus Co.* v. *Mica Condenser Co. Ltd.* 239 Mass. 158, 165. Questions respecting the validity of a patent or the originality of an invention may in proper instances be tried in a State court. The case at bar belongs to that class. *LaChapelle* v. *United Shoe Machinery Corp.* 272 Mass. 465, 470, 471, 472, and cases cited. *Respro, Inc.* v. *Worcester Backing Co.* 291 Mass. 467, 470. *Marshall Engine Co.* v. *New Marshall Engine Co.* 203 Mass. 410; affirmed in *New Marshall Engine Co.* v. *Marshall Engine Co.* 223 U. S. 473.

The contention of the plaintiffs that the main finding of the master is contrary to his subsidiary findings cannot be supported. The finding that the machine was conceived and invented concurrently by Miller and the defendant and was developed and completed by their joint effort, and the finding with respect to the employment of the

defendant by the corporate plaintiff, are not incompatible. It is argued that the master failed to give due weight to the rule as to burden of proof. That question is not raised on this record. The master's report does not disclose that in the course of his duty either party requested a ruling as to the burden of proof or that he made any ruling on that subject. Moreover, it would seem that the burden of proof on this point rested on the plaintiffs. *American Stay Co.* v. *Delaney*, 211 Mass. 229, 232.

The plaintiffs are not entitled to a decree exclusively in their favor on the report of the master. The finding of the master was directed to the inquiry of fact as to the person who invented the machine. On that point, the finding was that the idea of the machine was conceived concurrently by both Miller and the defendant and was jointly and coöperatively developed by them. That finding related to a pure question of fact and was based upon unreported evidence. It must be accepted as true. The general rule is that, in the absence of a contract giving the employer special or superior rights, inventions made by an employee in the course of his employment belong to the employee. *American Circular Loom Co.* v. *Wilson*, 198 Mass. 182, 201, and cases cited. *Manton-Gaulin Manuf. Co. Inc.* v. *Colony*, 255 Mass. 194. There was no special agreement touching that subject by the present parties. The case at bar does not fall within the exception to that rule to the effect that, when the employee is hired for the purpose of constructing a definite machine or article, or for making inventions for the benefit of the employer, the employee has no rights after his work is ended. *Wireless Specialty Apparatus Co.* v. *Mica Condenser Co. Ltd.* 239 Mass. 158, 162. The instant case is governed by the general rule.

The allegations of the bill in the main are that the defendant had violated the fiduciary relation due to the corporate plaintiff as his employer by using trade secrets for his own advantage. The findings do not support those allegations. Nevertheless, the findings made were germane to the inquiry involved in the issues raised. They were in answer to the essential allegations of the bill. The part

of the decree which adjudged that the conception and invention was the joint property of Miller and the defendant was in conformity to the facts reported by the master and was entered under the prayer for general relief. *Raynes* v. *Sharp*, 238 Mass. 20, 24. *Laine* v. *Aarnio*, 265 Mass. 374, 376. That part of the decree was a delimitation of the rights of the plaintiff Miller and not outside the scope of the bill. The circumstance that a smaller measure of relief was afforded than was asked in the bill does not invalidate the decree. The contention that the plaintiffs were entitled either to full relief or to have their bill dismissed cannot be supported. See *Ball* v. *Allen*, 216 Mass. 469, 472, 474. The plaintiffs were entitled to a decree declaring their rights as proved. The plaintiffs are not entitled at this stage of the proceedings to the option to have their bill dismissed if the full relief sought cannot be granted. *Keown* v. *Keown*, 231 Mass. 404.

The second paragraph of the decree strictly enjoins Miller and the defendant from selling, leasing, or otherwise conveying more than an undivided half interest in the invention in controversy or in any patents issued or to be issued thereon. So far as this relates to the defendant, we think it was warranted by the facts found and was within the ambit of the jurisdiction of the State court. That court had jurisdiction of the cause of action. No patent had been issued when this suit was instituted. The validity of a patent was not here involved. The question whether Miller or the defendant originated the idea of the machine and its construction was involved. It was passed upon by the master. The State court "upon finding that fact in favor of the plaintiff, may restrain the defendant from assigning the patent to a third person, as a mode of protecting the plaintiff against an additional threatened injury." *Smith & Egge Manuf. Co.* v. *Webster*, 87 Conn. 74, 84–85. *Becher* v. *Contoure Laboratories, Inc.* 279 U. S. 388, 392. *LaChapelle* v. *United Shoe Machinery Corp.* 272 Mass. 465, 471, 472, 473.

So far as this paragraph relates to Miller, it is something more than a delimitation of his rights in order to conform

to the facts found. Those rights were declared in the first paragraph of the decree whereby it was stated that the invention was the joint property of Miller and the defendant. A statement of Miller's rights did not require that he be enjoined from attempting to make sale of property which did not belong to him. Such restraint was not called for by the bill. The defendant had not in his answer set up any counterclaim. He asked for no relief against the plaintiffs. Rule 32 of Superior Court (1932). He answered by way of defence to the allegations of the bill that he owned the machine and its design, but he went no further. That answer did not entitle him to affirmative relief against Miller. *Westfield Savings Bank* v. *Leahey,* 291 Mass. 473, 476. Therefore, there was no basis in the pleadings for injunctive relief against Miller in favor of the defendant. There is nothing in *Copeland* v. *Eaton,* 209 Mass. 139, 144, which calls for a different result. The defendant has not at any time asked leave to amend his answer so as to be entitled to relief in his own behalf. *Day* v. *Mills,* 213 Mass. 585, 587. *Les* v. *Alibozek,* 269 Mass. 153, 160. *Millett* v. *Temple,* 285 Mass. 87, 89.

The result is that there is no error in paragraphs (1), (3) or (4) of the decree, or in that part of paragraph (2) enjoining the defendant. Those matters may be embodied in a new decree after rescript. The part of paragraph (2) enjoining Miller was beyond the scope of the pleadings. Therefore the final decree must be reversed. Costs in decree after rescript to be in the discretion of the Superior Court.

*Ordered accordingly.*