BENJAMIN H. SMITH & others *vs.* GEORGE A. BUTLER & others, NATHAN BARNETT, petitioner to intervene.

Suffolk.    November 21, 1932. — November 23, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Equity Pleading and Practice,* Receivership proceedings; Master: rule, findings, report.

Where, after the appointment of a receiver in receivership proceedings, a creditor of the defendant filed a petition seeking leave to file a claim with the receiver after the expiration of the time fixed for filing claims, and the suit then was referred to a master under a rule requiring him to hear the parties in the usual manner "on the motion of . . . [the] creditor . . . for leave to file [a] claim . . . with the receiver," the rule meant that the master was to hear all issues arising under the petition and to make findings as to the nature, extent and amount of the claim of the petitioner, provided such claim was found to exist.

In a suit in equity referred to a master under the usual rule, there was no error, nor violation of Rule 90 of the Superior Court (1932), in a denial of a motion that the master be required to incorporate in his report the evidence bearing on an issue which was merely one of fact; and the judge could not be required to recommit the report to the master for a report of such evidence.

The findings by the master in the circumstances above described must be accepted as true.

BILL IN EQUITY, filed in the Superior Court on July 14, 1930, for a receiver.

After the appointment of receivers, Nathan Barnett filed a "motion" for leave to file with the receivers, after the expiration of the time fixed by the court for the filing of claims, a claim for legal services rendered to the defendants. The "motion" was "allowed" by *Bishop,* J., and the suit was referred to a master under the following rule: "And now it is ordered that the above entitled cause be referred to . . . as master, to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request, on the motion of Nathan Barnett, creditor of . . .

[the defendants] for leave to file claim for legal services, with the receiver . . . . No continuances or postponements of hearings are to be granted by the master without an order from the court." A motion by the petitioner, that the master be ordered to incorporate in his report certain evidence offered before him, was denied by *F. T. Hammond*, J. The petitioner appealed from such denial. The master made certain findings as to the circumstances surrounding the petitioner's failure to file his claim within the time fixed by the court, and found the fair value of the services rendered by him to the defendants. By order of *Sisk*, J., there were entered an interlocutory decree overruling objections to the master's report by the petitioner and confirming the report; and a final decree allowing the petitioner to present his claim to the receivers late and allowing the claim in the sum found by the master. The petitioner appealed from both decrees.

*N. Barnett*, pro se.

*M. N. Abrahamson*, for Smith and others.

RUGG, C.J. This case comes before us on a petition (improperly termed in its title motion) for leave to file claim as creditor against a voluntary association now in the hands of receivers. The petition sets out facts tending to show that there is an indebtedness due to the petitioner from the voluntary association and through inadvertence that claim has not been presented for proof within the time fixed by order of court. The prayers of the petition are that leave be given to file the claim, that a master be appointed for hearing the evidence as to the claim and to ascertain the amount due thereon, and that the receivers be ordered to pay the amount found to be due on the claim, and for other relief. Leave to file the petition was granted. The cause then was referred to a master under a rule which required him to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party might request on the petition for leave to file the claim. The true interpretation of this rule is that the master was to hear all issues arising under the petition and to make findings as to the nature,

extent and amount of the claim of the petitioner, provided such claim was found to exist.

The contention of the petitioner, that the master was required upon his request to report the evidence on which he based his finding that up to a certain time the petitioner had no intention of looking to the defendants for his compensation but intended to look exclusively to another person, cannot be sustained. *Daniels* v. *Daniels*, 240 Mass. 380, 384. The amount due upon the claim was a pure question of fact. There was no violation of Rule 90 of the Superior Court (1932). Without dealing in detail with the objections to the master's report, it is enough to say that the judge committed no error of law in entering the interlocutory decree overruling those objections and confirming the report. The trial judge was under no obligation to recommit the report to the master for further hearing or for report of the evidence, and was entirely justified in proceeding to final decree upon the facts therein found. The findings of the master in these circumstances must be accepted as true. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334. The final decree as entered in the Superior Court was right. It is to be modified, however, by taxing the costs of this appeal against the petitioner, and as so modified it is

*Affirmed.*